618 So.2d 187 (1993)
HILLSBOROUGH COMMUNITY MENTAL HEALTH CENTER, etc., Petitioner,
v.
Marjorie J. HARR, etc., et al., Respondents.
Sayyed HUSSAIN, M.D., Petitioner,
v.
Marjorie J. HARR, etc., et al., Respondents.
Nos. 79266, 79267.
Supreme Court of Florida.
May 20, 1993.
Edwin J. Bradley of Miller and Olsen, on behalf of Hillsborough Community Health Center, Inc., and Clifford L. Somers of Somers & Associates, Tampa, on behalf of Sayyed Hussain, M.D., for petitioners.
Joel D. Eaton of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Mitzel & Mitzel, P.A., Tampa, for respondents.
Kelley B. Gelb of Krupnick, Campbell, Malone & Roselli, P.A., Fort Lauderdale, amicus curiae for Academy of Florida Trial Lawyers.
*188 GRIMES, Justice.
We review Harr v. Hillsborough Community Mental Health Center, 591 So.2d 1051, 1055 (Fla. 2d DCA 1991), in which the court certified the following question as a matter of great public importance:
DOES THE STATUTE OF LIMITATIONS IN SECTION 95.11(4)(b) COMMENCE:
(A) WHEN THE POTENTIAL PLAINTIFF HAS NOTICE OF AN INJURY IN FACT; OR
(B) WHEN THE POTENTIAL PLAINTIFF HAS ADDITIONAL NOTICE THAT THE INJURY IN FACT RESULTED FROM AN INCIDENT INVOLVING A HEALTH CARE PROVIDER?
We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
For purposes of our review, the pertinent facts are essentially undisputed and were adequately set forth in the opinion below:
On the afternoon of October 2, 1986, the appellant's son, Michael Harr, was observed hooking up a flexible hose to the exhaust pipe of his pickup truck. A Hillsborough County Sheriff's deputy dispatched to investigate found suicide notes in Michael's truck. The deputy took Michael into custody pursuant to the Baker Act, section 394.451, Florida Statutes, and delivered him to the Hillsborough Community Mental Health Center at approximately 8:00 p.m. that day.
The record discloses that when Michael was routinely interviewed at the Mental Health Center, he stated he had contemplated suicide. About two hours later Dr. Hussain and Kristian Mellrose, a counselor at the Mental Health Center, discharged Michael "to self," giving him a plan of outpatient care.
Once discharged, Michael immediately went to the Hillsborough County Sheriff's Department impound lot to regain possession of his truck. As Michael drove away from the Sheriff's Department, he crashed his truck through the closed gate and threatened to kill anyone who tried to stop him. Two days later, a Pasco County deputy discovered Michael's body in his truck. A flexible hose had been connected from the truck's exhaust pipe to the truck's cab. The cause of death was carbon monoxide poisoning.
According to Mrs. Harr's deposition, she received a phone call at her home in South Dakota on October 6, 1986, informing her of her son's death. Early the following morning, October 7, Mrs. Harr called the Hillsborough County Sheriff's Department and spoke with a deputy. She asked the officer to tell her everything that was known about Michael's death. The officer told her that Michael had been taken to a "crisis center" because of depression and that later that day he had taken his life. The officer promised to send Michael's personal effects to Mrs. Harr.
In her affidavit, Mrs. Harr stated she subsequently called the Pasco County Sheriff's Department several times requesting Michael's personal belongings. Finally, on January 20, 1987, over three and one-half months after Michael's death, she received a box containing these effects. In the box Mrs. Harr found the coroner's report and the suicide note, which the sheriff's department had discovered in Michael's pickup truck. After reading this note, she learned for the first time that the crisis center where Michael had been treated on October 2, 1986, was the Hillsborough Community Mental Health Center. At the end of March, she received a copy of the evaluation report prepared by the Mental Health Center which identified Dr. Sayyed Hussain as the psychiatrist who authorized her son's release.
Harr, 591 So.2d at 1052-53.
Mrs. Harr served a notice of intent to commence litigation against the Mental Health Center and Dr. Hussain on October 20, 1988, and thereafter filed a malpractice action against them. The trial court held that Mrs. Harr's suit was barred by the two-year statute of limitations on suits against health-care providers. Section 95.11(4)(b), Fla. Stat. (1985). The district court of appeal reversed, reasoning as follows:

*189 [W]e cannot conclude as a matter of law that on October 7, 1986, Mrs. Harr possessed sufficient information to be considered on notice of a possible invasion of her legal rights. Moreover, we cannot conclude Mrs. Harr should have known either of a legal injury or the negligent act that would have commenced the limitation period before October 20, 1988.
Harr, 591 So.2d at 1054.
In Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976), this Court held that a malpractice suit commences "either when the plaintiff has notice of the negligent act giving rise to the cause of action or when the plaintiff has notice of the physical injury which is the consequence of the negligent act." Id. at 32. We reaffirmed this holding in Barron v. Shapiro, 565 So.2d 1319 (Fla. 1990), and in University of Miami v. Bogorff, 583 So.2d 1000 (Fla. 1991). Therefore, we can understand the concern of the court below with respect to whether it had properly applied the principle of those cases to the facts before it.
In the meantime, however, this Court reinterpreted the Nardone rule to hold that the statute of limitations in a medical malpractice suit commences either when the plaintiff has notice of the negligent act giving rise to the cause of action or when the plaintiff has knowledge of the injury and knowledge of the reasonable possibility that the injury was caused by medical malpractice. Tanner v. Hartog, 618 So.2d 177 (Fla. 1993). Under this interpretation, there can be no question that the court below made the right decision. In view of our opinion in Tanner, we find it unnecessary to answer the certified questions as worded.
We approve the decision of the district court of appeal.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.