487 So.2d 1047 (1986)
ITT INDUSTRIAL CREDIT CO., Petitioner,
v.
Edward REGAN, Respondent.
No. 66416.
Supreme Court of Florida.
April 24, 1986.
*1048 Roger J. McDonald, Orlando, for petitioner.
Robert C. Gobelman and Jerry Waxman of Mathews, Osborne, McNatt, Gobelman and Cobb, Jacksonville, for respondent.
OVERTON, Justice.
This case is before us on petition to review Regan v. ITT Industrial Credit Co., 469 So.2d 1387 (Fla. 1st DCA 1984), in which the district court of appeal held that, under the Uniform Commercial Code, a purchase money security interest on computer equipment and other personalty, if not filed within a ten-day statutory period, is subordinate to an earlier perfected security interest in after-acquired property, and that this earlier interest is not limited to the debtor's equity in the property. The district court certified the following question:
Does the protection afforded purchase money creditors under the "debtor's equity" concept of [International Harvester Credit Corp. v. American National Bank, 296 So.2d 32 (Fla. 1974)] survive the enactment of chapter 78-222, Laws of Florida?
469 So.2d at 1391. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We approve the district court's decision and answer the certified question in the negative, thereby bringing our interpretation of section 679.312, Florida Statutes, the Uniform Commercial Code provision relating to the priority of purchase money security interests, into conformity with other jurisdictions and the express intent of the Florida Legislature.
Respondent, Edward Regan, holds a mortgage and security agreement on a Jacksonville hotel property which, in an after-acquired property clause, grants to him
all of the right, title and interest of the mortgagor in any such personal property or fixtures subject to a conditional sales *1049 contract, chattel mortgage or similar lien or claim together with the benefit of any deposits or payments now or hereafter made by the mortgagor or on its behalf.
The hotel purchased computer equipment financed by petitioner, ITT Industrial Credit. The mortgagee, Regan, sought to foreclose his mortgage on the hotel property and alleged that his interest in the after-acquired computer equipment was superior to ITT's interest under its purchase money lien. In response, ITT asserted its lien was superior and that the after-acquired property clause in Regan's mortgage, by its terms, rendered Regan's interest subject to ITT's purchase money lien.
The trial court entered summary judgment for ITT, construing the mortgage to exclude personal property liens such as ITT's. The district court reversed, disagreeing with the trial court's conclusion that the mortgage is subject to ITT's lien, and held that "ITT's purchase money lien, if not filed within the time prescribed by Section 679.312(4) [Florida Statutes (1979)], is subordinate and inferior to [Regan's] lien under [his] mortgage covering after-acquired property." 469 So.2d at 1390. In reaching this conclusion, the district court determined that the enactment of chapter 78-222, Laws of Florida, precludes application of this Court's decision in International Harvester, in which we held that the priority of the earlier secured creditor must be "limited to the debtor's equity in the after-acquired property," reasoning that the security interest retained by the subsequent seller never passed to the debtor and, therefore, never became subject to the earlier creditor's claim. 296 So.2d at 34. Because the district court in the instant case found the record to be unclear as to the date on which the mortgagor took possession of the computer equipment, it remanded to the trial court for a determination as to whether ITT had complied with the filing requirements of section 679.312(4), Florida Statutes (1979).
With regard to the terms of the mortgage, we agree with the district court's construction of the challenged language in the after-acquired property clause and its reasoning that "[t]he words `subject to' are descriptive of the property the clause refers to, the result being that [Regan's] mortgage encumbers the mortgagor's interest in personalty which is `subject to' any conditional sales contracts, chattel mortgages or other liens (such as purchase money security interests) held on the personalty." 469 So.2d at 1389.
We also find the district court was correct in concluding that the Florida Legislature precluded application of International Harvester by its enactment of chapter 78-222, Laws of Florida. That chapter states in its preamble that "the Uniform Commercial Code, as adopted by the Florida Legislature ... contains no such `debtor's equity' concept," and that "it is the intent of the Legislature that the concept of `debtor's equity' should not be applicable in the State of Florida." Following the preamble was an addition to the language of section 679.312(4), which expressly declared that "the priority of said purchase money security interest must be determined under subsection (5)" should the purchase money security interest not be perfected at the time the debtor receives possession of the collateral or within ten days thereafter. We note that in 1984 the legislature amended section 679.312(4) to extend the filing period to fifteen days. See § 679.312(4), Fla. Stat. (Supp. 1984).
Section 679.312(5) directs that, in the event of conflict between two secured parties claiming a security interest in the same collateral, the first to file a financing statement gains priority. Subsection (4) sets forth a specific exception to this general rule, however, by giving purchase money security interests priority over other security interests in the same collateral, provided the purchase money interest is perfected by filing within a designated period after the debtor takes possession of the goods.[*] *1050 This exception is designed to facilitate business transactions by allowing the debtor to obtain immediate possession of the needed goods without requiring the secured party to check on prior filings. Coogan, Article 9 of the Uniform Commercial Code: Priorities among Secured Creditors and the "Floating Lien," 72 Harv.L.Rev. 838 (1959).
The Uniform Commercial Code was designed to promote uniformity of the rules of law governing commercial transactions among the states. See § 671.102, Fla. Stat. (1985). No other state or federal court presented with a statute identical to section 679.312 has construed the statute to limit the earlier creditor's security interest to the debtor's equity in the collateral. See, e.g., Matter of Samuels & Co., 526 F.2d 1238 (5th Cir.), cert. denied, 429 U.S. 834 (1976); Rainier National Bank v. Inland Machinery Co., 29 Wash. App. 725, 631 P.2d 389 (1981); General Electric Credit Corp. v. Tidwell Industries, Inc., 115 Ariz. 362, 565 P.2d 868 (1977); Whitworth v. Krueger, 98 Idaho 65, 558 P.2d 1026 (1976). See also Murray, Commercial Law, 33 U.Miami L.Rev. 853 (1979); Comment, Priority of Perfected Security Interest in After-Acquired Property over Conflicting Purchase Money Security Interest Not Timely Filed is Limited to Debtor's Equity in Collateral, 3 Fla.St.U.L.Rev. 150 (1975); Comment, Purchase Money Security Interest Priority under § 9-312(4) of the U.C.C: Florida Supreme Court Rewrites the Code, 34 U.Miami L.Rev. 384 (1975). Further, neither the federal nor state constitution requires that a security interest be limited to the debtor's equity in the collateral.
Accordingly, we now recede from International Harvester. Pursuant to the Code, when the buyer takes possession of property under a credit sales contract, he acquires the property, not merely an equity interest in the property. See § 672.401(1), Fla. Stat. (1985). The seller retains only a security interest in the property. See id.; § 671.201(37), Fla. Stat. (1985). A determination of which party holds title to the property is immaterial. See § 679.202, Fla. Stat. (1985) ("Each provision of this chapter with regard to rights, obligations and remedies applies whether title to collateral is in the secured party or in the debtor"). Regan's security interest in the computer equipment attached when it was delivered to the mortgagor. His perfected security interest, however, is entitled to priority over ITT's purchase money security interest only if ITT failed to perfect within the ten-day grace period provided by section 679.312(4), Florida Statutes (1979). If the trial court determines that ITT is not entitled to the purchase money priority because of late filing, the priority problem must be resolved under section 679.312(5), and Regan will be entitled to priority over ITT in the computer equipment without regard to the debtor's equity in the equipment. See R. Henson, Handbook on Secured Transactions under the Uniform Commercial Code (2d ed. 1979).
For the reasons expressed, we recede from our International Harvester decision, answer the certified question in the negative, and approve the decision of the district court of appeal.
It is so ordered.
ADKINS, EHRLICH, SHAW and BARKETT, JJ., concur.
BOYD, C.J., dissents with an opinion, in which McDONALD, J., concurs.
BOYD, Chief Justice, dissenting.
I have no quarrel with the Court's interpretation of the statutes governing priority of security interests as between a mortgagee and a holder of a security interest in after-acquired property incorporated into the real property and covered by the mortgage. But I must dissent because the express language of the mortgage itself demonstrates a clear agreement by the borrower and the lender to exclude from the mortgage any "personal property or fixtures subject to a conditional sales contract" beyond *1051 the mortgagor's "right, title and interest" therein. Because the mortgage excluded from its provisions any property owned by a third-party seller, or in which any third party had a security interest, I find no need to interpret the statutes or answer the certified question.
The relevant portion of the mortgage pledged the mortgagor's property as follows:
(B) All buildings, structures, and improvements of every nature whatsoever now or hereafter situated on the Land, and businesses operated thereon or therefrom, and the business assets thereof, including without limitation all franchises and licenses, and all fixtures, machinery, equipment and personal property of every nature whatsoever now or hereafter owned by the Mortgagor and located in, on or used or intended to be used in connection with or with the operation of said Land, buildings, structures or other improvements, including all extensions, additions, improvements, betterments, renewals and replacements to any of the foregoing; and all of the right, title and interest of the Mortgagor in any such personal property or fixtures subject to a conditional sales contract, chattel Mortgage or similar lien or claim together with the benefit of any deposits or payments now or hereafter made by the Mortgagor or on its behalf.
The clause subjecting to the terms of the mortgage "all of the right, title and interest of the Mortgagor in any such personal property or fixtures subject to a conditional sales contract, chattel Mortgage or similar lien or claim" has a clear meaning. By its terms borrower and lender intended that the borrower would be able to purchase equipment, to be incorporated into the building, by means of a conditional sales contract and as the borrower acquired "right, title, and interest" in such equipment by periodic payments under such a contract, such property interest would be subjected to the terms of the mortgage. Thus the superiority and priority of the security interest held by any future third-party provider of financing for the acquisition of any such equipment, to the extent of any outstanding debt, was recognized from the outset by the parties. Respondent, as assignee of the mortgage, should not be permitted to claim more than the original mortgagee bargained for. I therefore dissent.
McDONALD, J., concurs.
NOTES
[*] For transactions occurring prior to October 1, 1984, section 679.312(4) required the filing to be accomplished within ten days; on or after that date, the filing must be accomplished within fifteen days. See ch. 84-53, Laws of Fla.