579 So.2d 188 (1991)
Patricia Boss MOORE, Individually and As Next Friend of Michael Moore, a Minor, Appellant,
v.
WINTER HAVEN HOSPITAL, Allan Erde, M.D., P.A., R.K. "Rocky" Wells, M.D., and R.K. "Rocky" Wells, M.D., P.A., Appellees.
No. 90-00596.
District Court of Appeal of Florida, Second District.
April 12, 1991.
John W. Frost, II, and David C. Dale of Frost & Dale, P.A., Bartow, and Jack Beam of Beam, Raymond & Holmes, Denver, Colo., and Barth H. Goldberg of Goldberg & Goldberg, Chicago, Ill., for appellant.
Janet W. Adams of Adams, Hill, Reis, Adams & Hall, Orlando, for appellee Winter Haven Hosp.
PATTERSON, Judge.
Patricia Boss Moore appeals from a final summary judgment in which the trial court held that her action for medical negligence was time barred by the four-year statute of repose contained in section 95.11(4)(b), Florida *189 Statutes (1983).[1] We reverse.
Moore gave birth to a son, Michael, on August 13, 1983. The child had a misshapen head and suffered seizures on the day of his birth. Twelve days later, she was advised by Michael's treating neurologist that he suffered from encephalopathy (a disease of the brain) and would be a slow learner. Moore alleges that on December 20, 1986, she first discovered that her son's brain condition could be the result of medical negligence. On March 27, 1987, she served a notice of intent to initiate medical malpractice litigation on Winter Haven Hospital. On June 18, 1987, she applied for, and received, the automatic ninety-day extension of the statute of limitations provided for in section 768.495(2), Florida Statutes (1987).[2] On September 21, 1987, Moore filed a medical malpractice action against the hospital.
The hospital moved for summary judgment asserting that Moore's action was "barred by the applicable statute of limitations and/or statute of repose." The trial court held the action barred by the four-year statute of repose and granted final summary judgment in favor of the hospital.
Section 768.57, Florida Statutes (1987), requires, as a condition precedent to suit, that the claimant serve upon each potential defendant a notice of intent to litigate. An action cannot be instituted for ninety days after such service, during which period the statute of limitations is tolled.[3] The statute makes no specific reference to a statute of repose. It is the position of the hospital that the notice of intent to litigate triggers the tolling of the two-year medical malpractice limitation period, but is inoperative as to the four-year statute of repose contained in the same subsection. It reasons that the omission of the words "the statute of repose is tolled" demonstrates legislative intent to toll only the two-year limitation period.
We do not agree. It is the purpose of the ninety-day presuit period to permit the parties to pursue statutorily prescribed procedures which may lead to an amicable resolution of the claim. Castro v. Davis, 527 So.2d 250 (Fla. 2d DCA 1988). Although we recognize distinctions in the application of a statute of repose as opposed *190 to a general statute of limitations,[4] a statute of repose is a form of a statute of limitations and the terms are often used interchangeably. See Webster's Third New International Dictionary 2230 (1986). The "statute of repose" is subsumed in the general term "statute of limitations" of section 95.11(4) and is tolled by the service of the notice of intent to litigate. To hold otherwise would frustrate the legislative intent of section 768.57 in its entirety. Moore's action was therefore timely filed.
Although the trial court did not rule on it, the parties have attempted to argue the question of whether Moore's action is time barred by the two-year statute of limitations based on the facts of the case. The issue not being properly before the court, we decline to comment on it.
Reversed and remanded with instructions to reinstate Moore's amended complaint.
FRANK, A.C.J., and HALL, J., concur.
NOTES
[1] 95.11 Limitations other than for the recovery of real property.  Actions other than for recovery of real property shall be commenced as follows:

... .
(4) WITHIN TWO YEARS. 
... .
(b) An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued. An "action for medical malpractice" is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. The limitation of actions within this subsection shall be limited to the health care provider and persons in privity with the provider of health care. In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred.
[2] Transferred to section 766.104, Florida Statutes (1988 Supp.).
[3] 768.57 Notice before filing action for medical malpractice; presuit screening period; offers for admission of liability and for arbitration; review. 

... .
(4) The notice of intent to initiate litigation shall be served within the time limits set forth in s. 95.11. However, during the 90-day period, the statute of limitations is tolled as to all potential defendants. Upon stipulation by the parties, the 90-day period may be extended and the statute of limitations is tolled during any such extension. Upon receiving notice of termination of negotiations in an extended period, the claimant shall have 60 days or the remainder of the period of the statute of limitations, whichever is greater, within which to file suit. [Transferred to section 766.106(4), Florida Statutes (1988 Supp.).]
[4] See Universal Engineering Corp. v. Perez, 451 So.2d 463 (Fla. 1984).