PARKER, Acting Chief Judge.
David Arango appeals an order which dismissed with prejudice his third amended complaint for medical malpractice against Dr. Rex Orr. We reverse.
Arango filed a third amended complaint. The first count was against Dr. Orr; the second count was against the Florida Patient Compensation Fund; the third count was against another doctor; and the fourth count was against the hospital. Arango alleged in his third amended complaint that Dr. Orr performed a myelogram on him on February 13, 1987, at a St. Petersburg hospital. This followed another doctor’s unsuccessful attempt of the same procedure two days earlier. Arango alleged that Dr. Orr committed several acts of negligence in his treatment of Arango. Arango contended that Dr. Orr knew that another doctor attempted to perform a myelogram on Arango but terminated the procedure after four unsuccessful attempts when a bloody spinal fluid occurred at two sites. Then Dr. Orr performed a myelo-graphie procedure two days later when he knew that this course of treatment was not prudent medically. Arango also alleged that Dr. Orr had knowledge that Arango’s spinal canal was too narrow for a proper myelo-gram procedure. The complaint asserted that Dr. Orr falsified a report about the type of contrast medium used in the first myelo-gram attempt. Arango also alleged that Dr. Orr authorized three test tubes to be sent to pathology but altered or concealed reports so that the reports reflected that only two test tubes were analyzed. Arango claimed that Dr. Orr concealed the following information from him: a myelographic procedure should not be performed after a bloody tap is found; an inappropriate contrast medium was used; and the side effects of the procedure. Aran-go also maintained that the discharge sum *250 mary failed to disclose accurate information about the two myelographic procedures and that Dr. Orr never obtained his consent to perform the procedure. The complaint alleged that Dr. Orr concealed the reports and records of the myelographic procedures even when Arango, his agents, and legal counsel requested the records between June 1987 and December 1992. Arango further alleged that, as a result of the negligence of Dr. Orr, he suffers from a central nervous system disorder called Arachnoiditis. He maintained in a count which did not pertain to Dr. Orr that he did not learn of his actual medical condition until October 1991. The trial court dismissed the third amended complaint as it related to Dr. Orr, citing to a case which dealt with the statute of repose.
Section 95.11(4)(b), Florida Statutes (1987) provides in pertinent part:
(b) An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.... In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred.
The supreme court has stated, “This statutory section prescribes (1) a statute of limitations of two years; (2) a statute of repose of four years absent fraud or intentional misconduct; and (3) a statute of repose of seven years where there is an allegation that fraud, concealment, or intentional misrepresentation of fact prevented discovery of the negligent conduct.” Carr v. Broward County, 541 So.2d 92, 94 (Fla.1989).
The supreme court has clarified that the statute of limitations requires the aggrieved person to file a medical malpractice action within two years of the time that the person had knowledge or reasonably should have had knowledge of the injury and knowledge that there was a reasonable possibility that the medical malpractice caused the injury. Tanner v. Hartog, 618 So.2d 177, 181 (Fla.1993). In the instant case, Arango alleged in the fourth count that he became aware of his injury in October 1991. Because he filed his complaint on May 13, 1993, the allegations in the third amended complaint are sufficient to defeat a motion to dismiss grounded upon the statute of limitations.
The statute of repose precludes a right of action after four years from the date of the malpractice unless fraud, concealment, or intentional misrepresentation of fact prevented discovery of the injury within that period of time. When fraud, concealment, or intentional misrepresentation of fact prevented discovery of the injury, the repose period is extended two years from the time that the injury is discovered or should have been discovered but will never be extended more than seven years from the date of the malpractice. Kush v. Lloyd, 616 So.2d 415 (Fla.1992). The alleged malpractice of Dr. Orr occurred on February 13, 1987, the date Dr. Orr performed the myelogram. Arango, therefore, did not file his complaint within four years from the date of the incident out of which the cause of action occurred. Aran-go, however, did allege that Dr. Orr engaged in fraud, concealment, and intentional misrepresentation. He then alleged in another count that he did not learn of his actual medical condition until October 1991. Thus, based on the allegations in the third amended complaint, the statute of repose did not preclude Arango’s right of action until October 1993. The trial court, therefore, erred in dismissing the third amended complaint with prejudice. See Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So.2d 1028 (Fla. 4th DCA 1994). The trial court should have allowed Arango to amend his complaint to include within either the general allegations or the count against Dr. Orr the allega *251 tion that he did not discover his actual medical condition until October 1991. We, accordingly, reverse the order of dismissal and remand for further proceedings in the trial court.
Reversed and remanded.
ALTENBERND and LAZZARA, JJ., concur.