659 So.2d 1316 (1995)
Samuel HERNANDEZ and Elizette Hernandez, Appellants,
v.
AMISUB (AMERICAN HOSPITAL), INC., a Florida Corporation d/b/a A.M.I. Kendall Regional Medical Center and Agustin Latorre, M.D., Appellees.
No. 94-1743.
District Court of Appeal of Florida, Third District.
September 6, 1995.
*1318 David H. Charlip, for appellants.
Parenti, Falk, Waas & Frazier and Gail Leverett Parenti; Silva & Silva and Jorge E. Silva, for appellees.
Before BARKDULL, NESBITT and LEVY, JJ.
*1317 [****HEADNOTE****>
LEVY, Judge.
A medical malpractice plaintiff appeals a final order dismissing his complaint with prejudice, as barred by the four-year, medical malpractice statute of repose. We reverse.

I. THE FACTS

On April 4, 1988, Samuel Hernandez (hereinafter "Hernandez"), the plaintiff/appellant, lost consciousness after he began suffering severe abdominal pain while at work. After regaining consciousness, Hernandez consulted his personal physician, appellee Dr. Agustin LaTorre (hereinafter "Dr. LaTorre"), who advised him to go to the hospital. Hernandez went to Kendall Regional Medical Center, a hospital operated by the appellee Amisub (American Hospital) Incorporated (hereinafter "A.M.I."). Hernandez remained in A.M.I. for one week. As he was about to be discharged, Hernandez once again lost consciousness and underwent emergency abdominal surgery to stop internal bleeding. The surgery was performed by Dr. Gustavo Leon on April 11, 1988. During the surgery, a laparotomy towel  a towel measuring approximately 25cm x 17cm x 3cm, when folded  was accidentally left inside Hernandez. Hernandez recovered from the procedure and was later discharged from A.M.I.
In April of 1990, Hernandez began to suffer acute abdominal pains; he had felt little or no discomfort in the preceding two years following the operation. Hernandez consulted Dr. LaTorre, who prescribed treatment based upon his conclusion that Hernandez was suffering from viral gastroenteritis. This treatment temporarily relieved Hernandez's abdominal pain.
By April of 1993, Hernandez was once again suffering from frequent and severe abdominal pain, as well as from digestive problems and overall physical weakness. On April 20, 1993, he again consulted Dr. LaTorre, who concluded that Hernandez was suffering from indigestion and ulcer flareups. At no time did Dr. LaTorre diagnose that Hernandez's problem stemmed from the laparotomy towel which had been left in his abdomen.
Thereafter, Hernandez contacted another doctor who performed an x-ray and other tests, and discovered the laparotomy towel in his abdomen. On May 27, 1993, Hernandez had surgery to remove the towel from his abdomen.
On December 30, 1993, Hernandez filed a complaint for medical malpractice against Dr. Leon, A.M.I., and Dr. LaTorre. Hernandez alleged that Dr. Leon and A.M.I. had negligently left the laparotomy towel in his abdomen during the surgery. Hernandez also alleged that A.M.I., and its employees, "knowingly" misrepresented the laparotomy pad count in their operating notes, thereby preventing Hernandez from discovering that the towel had been left in his abdomen. Hernandez additionally claimed negligence on behalf of Dr. LaTorre for failing to properly diagnose the problem in April of 1990, and again in April of 1993.
The trial court stayed the proceedings against Dr. Leon after he filed a suggestion of bankruptcy.[1] A.M.I. then filed a motion to dismiss the claims against it based upon the four-year statute of repose found in Florida Statutes, Section 95.11(4)(b). The trial court granted A.M.I.'s motion to dismiss and dismissed Hernandez's complaint against A.M.I. with prejudice. Although the trial judge found that Hernandez could not have discovered his injury, by using due diligence, within *1319 the initial four-year repose period, he nevertheless found that the statute and caselaw time-barred Hernandez's complaint against A.M.I. Hernandez now appeals.

II. THE CLAIMS AGAINST A.M.I.

The first issue before us is whether the trial court properly applied Florida Statutes, Section 95.11(4)(b) in dismissing Hernandez's medical malpractice complaint against A.M.I.A.M.I. contends that the trial court properly dismissed Hernandez's claims against it, as being barred by the four-year statute of repose, since the complaint was filed more than four years after the date of the incident giving rise to Hernandez's action against A.M.I.  i.e., the date of Hernandez's operation. Hernandez, on the other hand, contends that he alleged sufficient facts in his complaint against A.M.I. to implicate the seven-year statute of repose and therefore maintains that the trial court erred in relying on the four-year repose period in dismissing his claims against A.M.I.; it is undisputed that the complaint was filed within the seven-year repose period. For the ensuing reasons, we find that the trial court erred in dismissing Hernandez's complaint against A.M.I.
Florida Statutes, Section 95.11(4)(b) provides, in pertinent part, as follows:
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.... In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred.
§ 95.11(4)(b), Fla. Stat. (1993) (emphasis added). The plain language of this statute reveals that medical malpractice claims are subject to a two year statute of limitations, a four-year statute of repose, and, where there have been allegations that the medical provider has prevented the plaintiff from discovering his or her injury within the four-year repose period by way of fraud, concealment, or intentional misrepresentation of fact, a seven-year statute of repose. Carr v. Broward County, 541 So.2d 92 (Fla. 1989); Arango v. Orr, 656 So.2d 248 (Fla. 2d DCA 1995). With respect to Hernandez's claims against A.M.I., we are only concerned with the repose periods in Section 95.11(4)(b). We note that a statute of repose, as distinguished from a statute of limitations, will bar a cause of a action where that action is filed after a specified time period, normally measured from the occurrence of an event specified in the statute, without regard to whether the cause of action has accrued. See Kush v. Lloyd, 616 So.2d 415 (Fla. 1992); University of Miami v. Bogorff, 583 So.2d 1000 (Fla. 1991), modified, Tanner v. Hartog, 618 So.2d 177 (Fla. 1993); Melendez v. Dreis & Krump Mfg. Co., 515 So.2d 735 (Fla. 1987); Carr v. Broward County, 505 So.2d 568 (Fla. 4th DCA 1987), aff'd, 541 So.2d 92 (Fla. 1989). A statute of limitation, on the other hand, will only bar a cause of action after a specified period of time has elapsed since the accrual of the cause of action. Kush; Bogorff; Melendez; Carr. It is therefore altogether possible that a cause of action may be barred by the statute of repose before the statute of limitations has even commenced. Kush, 616 So.2d at 421; accord Melendez, 515 So.2d at 736. Keeping this analysis in mind, we now turn to the specific repose periods in Section 95.11(4)(b).
In the instant case, the trial court properly found that the triggering event for the statute of repose, as it relates to Hernandez's claims against A.M.I., was the date of *1320 the alleged malpractice by A.M.I., in other words, the date of the 1988 operation. That operation was performed on April 11, 1988. In distinguishing between the application of the four and seven-year repose periods, the determinative factor is whether the plaintiff's complaint contains allegations that the medical provider, either by way of fraud, concealment, or intentional misrepresentation of fact, prevented the plaintiff from discovering the injury within the initial four-year repose period. E.g., Carr, 541 So.2d at 94; Arango, 656 So.2d at 250. "When fraud, concealment, or intentional misrepresentation of fact prevented discovery of the injury, the [four-year] repose period is extended two years from the time the injury is discovered or should have been discovered, but will never be extended more than seven years from the date of the malpractice." Arango, 656 So.2d at 250; accord Kush, 616 So.2d at 420-422. Consequently, but for any allegations of fraud, concealment, or intentional misrepresentation of fact, Hernandez's action against A.M.I. would be barred by the four-year repose period on April 11, 1992.
However, in Count VI of Hernandez's Complaint, specifically paragraphs 50 through 53, Hernandez alleges the following:
50. During the final phase of the aforementioned Exploratory Laparotomy as performed by DR. LEON and A.M.I., A.M.I., by and through its employees and operating room personnel, misrepresented material facts on the face of their own operative notes and documents regarding the fact that a material and pad count was performed and regarding the number of surgical materials and pads inserted into Plaintiff's abdomen which were counted as having been removed.
51. Either or both of the aforementioned misrepresentations were made knowingly with wanton and reckless disregard of the Plaintiff's health and welfare during the time that time in which the plaintiff he entrusted his body and well-being to the hands of A.M.I.'s employees and operating room personnel.
52. Thus, Defendant A.M.I., by and through its employees, misrepresented material facts which were relied upon by Plaintiff's doctors and thus by Plaintiff when he was discharged from A.M.I.'s hospital believing the referenced surgery to have been performed successfully without any complication.
53. Plaintiff justifiably relied on the correctness of the representations made by A.M.I.'s operating room personnel in connection with the audit and count of materials and pads inserted into Plaintiff's abdomen during the course of the referenced surgery.
(Plaintiff's Amended Complaint at 14-15) (emphasis added). The gist of these allegations is that A.M.I. "knowingly", and therefore intentionally, misrepresented a fact  i.e., that a pad count was performed and that a certain number of pads had been removed from Hernandez's abdomen, which prevented Hernandez from discovering his injury within the initial four-year repose period. Based on these allegations, the statute of repose would not bar Hernandez's complaint against A.M.I. until April 4, 1995, and it is undisputed that Hernandez filed his suit against A.M.I. on December 30, 1993. Since we are required to accept the allegations made by Hernandez in his Amended Complaint as true for purposes of deciding this appeal, Pate v. Threlkel, 20 Fla. L. Weekly S356, ___ So.2d ___ [1995 WL 424171] (Fla. July 20, 1995); Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla. 1956); Mang v. Country Comfort Inn, Inc., 559 So.2d 672 (Fla. 3d DCA 1990); Kupperman v. Levine, 462 So.2d 90 (Fla. 4th DCA 1985), we hold that the allegations in the Amended Complaint are sufficient to implicate the seven-year repose period and to survive a motion to dismiss based on the four-year statute of repose. Accordingly, the trial court erred in relying on the four-year statute of repose in dismissing Hernandez's claims against A.M.I.[2]

III. THE CLAIMS AGAINST DR. LaTORRE

We now turn to the second issue before us which concerns Hernandez's claims against *1321 Dr. LaTorre, the treating physician who allegedly failed to diagnose the foreign object in Hernandez's abdomen. Dr. LaTorre contends that the trial court, in entering the order now under review, dismissed Hernandez's claims against him, as being barred by the four-year repose period in Chapter 95. In furtherance of his position, Dr. LaTorre asserts that the repose period for Hernandez's claim against him should run from the date of the 1988 operation. In the alternative, Dr. LaTorre argues that even if the four-year repose period has not expired, Hernandez's suit against him should still be barred by the two-year statute of limitations. We cannot agree. For the reasons which follow, we find that, pursuant to the record before us[3], the trial court did not dismiss Hernandez's claims against Dr. LaTorre. Notwithstanding this finding, we conclude that the allegations in Hernandez's complaint against Dr. LaTorre are sufficient to survive a motion to dismiss based upon the affirmative defenses of repose and limitations.
First, with regard to Dr. LaTorre's argument that the trial court dismissed the claims against him, we find that the transcript from the June 8, 1994, hearing clearly reveals that the trial court did not dismiss these claims. Instead, the relevant portions of the transcript indicate that, at the end of this hearing, Dr. LaTorre's counsel requested the trial judge to enter a stay of Hernandez's claims against Dr. LaTorre pending the resolution of this appeal. After determining that Hernandez's counsel had no objections to the requested stay, the trial judge orally entered the stay. (Hearing on Defendant's Motion to Dismiss, June 8, 1994). Therefore, since the evidence in the record demonstrates that the court never even addressed the possibility of dismissing the claims against Dr. LaTorre, we find that these claims remain viable. Accordingly, such claims are not properly before this Court.
Notwithstanding the above finding, we not that the claims against Dr. LaTorre should, in any event, survive a motion to dismiss predicated upon either the statute of repose or the statute of limitations. With respect to the statute of repose, Dr. LaTorre incorrectly asserts that the repose period, as against him, should commence from the date of Hernandez's 1988 operation. Section 95.11(4)(b) states that the statute of repose commences on the "date of the incident or occurrence out of which the cause of action accrued." § 95.11(4)(b), Fla. Stat. (1993). With regard to the claims against Dr. LaTorre, the "incident or occurrence out of which the cause of action accrued" are the two dates, in April of 1990, and in April of 1993, when Dr. LaTorre allegedly negligently advised Hernandez regarding his medical condition. See Kush, 616 So.2d at 418 (holding that the statute of repose, as against a doctor who negligently advised a plaintiff, ran from the date the negligent advice was given). Utilizing these dates as reference points from which to start the repose period on Hernandez's claims against Dr. LaTorre, and acknowledging that Hernandez filed suit against Dr. LaTorre in December of 1993, the four-year statute of repose cannot possibly act as a bar to the continued prosecution of these claims.
Turning to the statute of limitations, Dr. LaTorre cites University of Miami v. Bogorff, 583 So.2d 1000 (Fla. 1991), and Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976), modified, Tanner v. Hartog, 618 So.2d 177 (Fla. 1993), in support of his contention that the statute of limitations on Hernandez's claims against him had run by April of 1992, since Hernandez allegedly knew of his "injury" *1322 as early as April of 1990. This argument, however, ignores the modification placed upon Bogorff and Nardone by the Florida Supreme Court in Tanner v. Hartog, 618 So.2d 177 (Fla. 1993). Until Tanner, the running of the statute of limitations in medical malpractice cases, was controlled by the rule as enunciated in Nardone. The court in Nardone stated that the statute of limitations in a medical malpractice action would commence when the plaintiff knew or should have known of either the injury or the negligent act giving rise to the action. Nardone, 333 So.2d at 32.
In Tanner, the Florida Supreme Court modified the Nardone rule by holding that the statute of limitations in medical malpractice cases would commence only when the plaintiff had knowledge of either the negligent act giving rise to the malpractice action or knowledge of the injury and "knowledge that there is a reasonable possibility that the injury was caused by medical malpractice." Tanner, 618 So.2d at 181 (footnote omitted); accord Hillsborough Community Mental Health Ctr. v. Harr, 618 So.2d 187, 189 (Fla. 1993); Arango, 656 So.2d at 250-51; Davis v. Green, 625 So.2d 130, 131-32 (Fla. 4th DCA 1993); Cardenas ex rel. Cardenas v. Godbold, 625 So.2d 98, 100 (Fla. 5th DCA 1993). The modification made by the Court in Tanner assures that the medical malpractice statute of limitations will not begin to run against a plaintiff who has knowledge of his or her injury, where that plaintiff does not also know that there is a reasonable possibility that the injury was caused by medical malpractice. In explaining its holding, the court in Tanner made clear that the question of whether a plaintiff had the requisite knowledge to trigger the statute of limitations would normally be a question of fact, Tanner, 618 So.2d at 182;[4] nevertheless, in the context of a motion to dismiss, we must accept the plaintiff's allegations as true. Pate; Connolly; Mang; Kupperman. Consequently, based on the allegations in the Amended Complaint, and given the holding in Tanner and its progeny, it is clear that, in the context of a motion to dismiss, Hernandez's complaint against Dr. LaTorre would not be subject to dismissal based on the affirmative defense of limitations.

IV. CONCLUSION

Accordingly, we reverse the trial court's order dismissing Hernandez's complaint against A.M.I. and remand to the trial court with instructions to reinstate Hernandez's complaint.
Reversed and remanded with instructions.
NOTES
[1] Accordingly, the trial court properly acknowledged that the final order now under review did not dismiss Hernandez's claims against Dr. Leon. (Hearing on Defendant's Motion to Dismiss, June 8, 1994).
[2] Naturally, the question of whether Hernandez can garner sufficient evidence to establish that A.M.I. did, in fact, intentionally misrepresent facts which caused Hernandez to fail to discover his injury within the initial four-year repose period is an issue which Hernandez will have to face at the time of summary judgment or at the time of trial.
[3] If there is an order of dismissal as to Dr. LaTorre which was inadvertently excluded from the record, we will not hesitate to revisit this issue upon the filing of an appropriate motion, especially since the issue was briefed and argued by the parties. Under such circumstances, the parties should pay particular attention to those issues, concerning the claims against Dr. LaTorre, which we have discussed in this opinion.
[4] In speaking on this issue, the court in Tanner, stated as follows: "We recognize that our holding will make it harder to decide as a matter of law when the statute begins to run and may often require a fact-finder to make the determination." Tanner, 618 So.2d at 182.