677 So.2d 15 (1996)
Marie WOOD, Appellant,
v.
John FRASER, M.D., Appellee.
No. 95-04157.
District Court of Appeal of Florida, Second District.
June 14, 1996.
Rehearing Denied July 22, 1996.
*16 Peter C. Limberis and G. Gregory Hoza of The Law Firm of Hoza & Limberis, New Port Richey, for Appellant.
William S. Jonassen, Indian Rocks Beach, for Appellee.
LAZZARA, Judge.
The appellant, Marie Wood, challenges the entry of final summary judgment in a medical malpractice action instituted against the appellee, Dr. John Fraser. She argues that the trial court erred in determining that her cause of action was barred by the four-year medical malpractice statute of repose in section 95.11(4)(b), Florida Statutes (1989), in that the time limitations of the statute were tolled when she served a notice of intent to initiate medical malpractice litigation pursuant to section 766.106(4), Florida Statutes (1993). Because the trial court failed to adhere to a previous decision of this court involving the same point of law, we reverse and remand for further proceedings.
The undisputed material facts giving rise to this appeal are as follows. On October 12, 1989, the appellee performed a surgical procedure on appellant which appellant later claimed was medically unnecessary and resulted in an aggravation of the injury for which she was being treated. On August 6, 1993, the appellant prepared and forwarded to appellee a notice of intent to initiate litigation for medical malpractice required by section 766.106. The appellee responded on November 2, 1993, with a written rejection of the claim, prompting the appellant to file a formal malpractice complaint in circuit court on November 15, 1993, more than four years after the date of surgery.
In moving for summary judgment, the appellee contended that the statute of repose commenced no later than the date of surgery, a fact which appellant does not dispute. He argued, therefore, that the statute barred the appellant's cause of action because she filed her complaint more than four years after that date. The appellant contended, however, that the service of her intent to initiate litigation prior to the expiration of the statute of repose tolled the statute.
In making his argument, the appellee acknowledged the opinion of this court in Moore v. Winter Haven Hospital, 579 So.2d 188 (Fla. 2d DCA), review denied, 589 So.2d 294 (Fla.1991), in which we clearly held that the four-year statute of repose in section 95.11(4)(b), Florida Statutes (1983), was tolled by the service of a notice of intent to *17 initiate medical malpractice litigation as provided for in section 768.57(4), Florida Statutes (1987).[1] In reaching this holding, we specifically rejected the health-care provider's argument that because section 768.57(4) made no reference to the tolling of the statute of repose, this omission manifested the legislature's intent that the filing of a notice of intent to initiate litigation only tolled the two-year statute of limitations period. Although we recognized the distinctions in the application of a statute of repose as opposed to a statute of limitations, we noted that "a statute of repose is a form of a statute of limitations and the terms are often used interchangeably." Id. at 190.[2] We concluded, therefore, that the "`statute of repose' is subsumed in the general term `statute of limitations' of section 95.11(4) and is tolled by the service of the notice of intent to litigate." Id.
The appellee argued to the trial court, however, that the intervening supreme court opinions in Kush v. Lloyd, 616 So.2d 415 (Fla.1992), and Tanner v. Hartog, 618 So.2d 177 (Fla.1993), as well as our subsequent opinion in Arango v. Orr, 656 So.2d 248 (Fla. 2d DCA 1995), effectively emasculated the holding in Moore. The trial court adopted this argument in its final summary judgment.[3] Although it acknowledged our previous opinion in Moore, it concluded that the unambiguous language of the statute, together with the subsequent opinions in Kush, Tanner, and Arango, required a determination that the "Plaintiff's cause of action herein is barred by the Statute of Repose." The practical effect of the trial court's ruling was to overrule Moore, which, as will be discussed, it had no authority to do.
We begin our discussion with a recognition of the fundamental principle announced long ago by our Florida Supreme Court that "[f]or one case to have the effect of overruling another, the same questions must be involved; they must be affected by a like set of facts and a conclusion must be reached in hopeless conflict with that in the former case." State ex rel. Garland v. City of West Palm Beach, 141 Fla. 244, 247-248, 193 So. 297, 298 (1940). In accord with this rule, we discern nothing in the holdings of Kush and Tanner which compels us to conclude that they overruled Moore.
In Kush, the supreme court, after undertaking an extensive analysis of the purpose of a statute of repose and how it differs from a statute of limitations, simply answered a certified question regarding when the four-year statute of repose in section 95.11(4)(b) begins to run in a medical malpractice case involving wrongful birth. It interpreted the statutory language to mean that the statute runs from the date negligent advice is given rather than from the date of birth. Id. at 418. In Tanner, the court responded to another certified question directed at the pivotal issue of when the two-year statute of limitations in section 95.11(4)(b) commences in a medical malpractice case based on stillbirth. In doing so, it attempted to define in a more precise manner the critical element of knowledge of medical malpractice which triggers the running of the statute. Id. at 181-182.
As is readily apparent from this brief analysis, the conclusions reached by the supreme court in each of these cases were based on legal questions arising in factual contexts which were markedly different from Moore. Thus, we conclude that Moore is not in "hopeless conflict" with either case.[4] Furthermore, *18 in the absence of a clear expression from the Florida Supreme Court, the issue of whether one of our opinions is in conflict with a later supreme court opinion should be left to our determination. Cf. Campbell v. Johnson, 674 So.2d 148 (Fla. 2d DCA 1996) (receding from three opinions because of inconsistency with later supreme court holding).
We also conclude that our opinion in Arango had no effect on the continuing vitality of Moore. In Arango, after citing to Kush and Tanner, we only determined that the trial court erred in dismissing a medical malpractice claim with prejudice because (1) the allegations were sufficient to defeat a motion to dismiss based on the statute of limitations and (2) the allegations reflected that the plaintiff could amend his complaint to demonstrate that the defendant's alleged fraud, concealment, and fraudulent misrepresentations precluded the application of the statute of repose. More important, because Arango was the opinion of a three-judge panel, that panel, consistent with the long-standing policy of this court, would not have receded from Moore, even if it were inclined to do so, without first seeking en banc consideration from the full court pursuant to Florida Rule of Appellate Procedure 9.331. See In re Rule 9.331, 416 So.2d 1127, 1128 (Fla.1982) ("We would expect that, in most instances, a three-judge panel confronted with precedent with which it disagrees will suggest an en banc hearing."); see also O'Brien v. State, 478 So.2d 497, 499 (Fla. 5th DCA) (three-judge panel should not expressly overrule or recede from a prior decision of the court on the same point of law), cause dismissed, 480 So.2d 1296 (Fla.1985). Accordingly, absent an en banc opinion expressly receding from a point of law announced in previous opinions of this court, a trial court should not rely on the expressions of a three-judge panel as a basis to conclude that a previous opinion of another three-judge panel no longer carries the force of law. Cf. Kazakoff v. State, 642 So.2d 596 (Fla. 2d DCA 1994) (en banc) (decision to hear case en banc based in part on determination of whether to continue to adhere to prior opinions).
Finally, we find it significant that since our judicial interpretation of the interplay between section 95.11(4)(b) and former section 768.57(4), now section 766.106(4), the legislature has continually reenacted these statutory provisions without any change in language. We note, in that regard, Florida's well-settled rule of statutory construction that the legislature is presumed to know the existing law when a statute is enacted, including "judicial decisions on the subject concerning which it subsequently enacts a statute." Collins Inv. Co. v. Metropolitan Dade County., 164 So.2d 806, 809 (Fla.1964). Thus, "in reenacting a statute the legislature is presumed to have an awareness of the judicial construction placed upon the re-enacted statute, and to have adopted this construction, absent a clear expression to the contrary." Deltona Corp. v. Kipnis, 194 So.2d 295, 297 (Fla. 2d DCA 1966) (emphasis in original); see also Burdick v. State, 594 So.2d 267, 271 (Fla.1992) (citing Deltona in support of same "well-settled" rule of statutory construction). Accordingly, "[b]ecause the legislature has failed to make any substantive changes to the pertinent statutory language, we must assume that it has no quarrel" with the judicial construction placed on these statutes in Moore. State v. Hall, 641 So.2d 403, 405 (Fla.1994); see also White v. Johnson, 59 So.2d 532, 533 (Fla.1952) (legislative inaction can be taken as an indication of legislature's acceptance of prior construction of statute).
We conclude, therefore, that the trial court erred in failing to adhere to the unequivocal holding in Moore which governed the resolution of the point of law involved in the motion for summary judgment. We also emphasize that until such time as the supreme court overrules Moore, or we recede from it en banc, or the Florida legislature clearly expresses its disapproval of Moore by a subsequent statutory enactment,[5] trial courts in *19 this district are firmly bound by its holding. E.g., State v. Sanchez, 642 So.2d 122 (Fla. 5th DCA 1994); Carr v. Carr, 569 So.2d 903 (Fla. 4th DCA 1990); Bunn v. Bunn, 311 So.2d 387 (Fla. 4th DCA 1975).[6]
In closing, we take this opportunity to remind trial courts again that they "do not create precedent." State v. Bamber, 592 So.2d 1129, 1132 (Fla. 2d DCA 1991), approved, 630 So.2d 1048 (Fla.1994). Although they are free to express their disagreement with decisions of higher courts, trial courts are not free to disregard them in the adjudicatory process. See Hernandez v. Garwood, 390 So.2d 357, 359 (Fla.1980). We emphasize, therefore, in accord with the doctrine of stare decisis, that once a point of law has been decided by a judicial decision, it should be adhered to by courts of lesser jurisdiction, until overruled by another case, because it establishes a precedent to guide the courts in resolving future similar cases. See In re Seaton's Estate, 154 Fla. 446, 449, 18 So.2d 20, 22 (1944); Bunn, 311 So.2d at 389. Any deviation from this fundamental tenet of jurisprudence can only result in an erosion of the rule of law, thereby causing uncertainty and unpredictability in the resolution of judicial disputes, as well as a needless expenditure of litigant and judicial resources. See Hernandez, 390 So.2d at 359; Bamber, 592 So.2d at 1132.
Accordingly, in conformity with the holding in Moore, we reverse the trial court's entry of final summary judgment on behalf of the appellee and remand this case with instructions to reinstate appellant's complaint.
Reversed and remanded with directions.
RYDER, A.C.J., and BLUE, J., concur.
NOTES
[1] As noted in Moore, this statute has since been transferred to section 766.106(4).
[2] Accord Lovey v. Escambia County, 141 So.2d 761, 764 (Fla. 1st DCA) ("Although a statute of repose may be technically distinguished from a statute of limitation, the ultimate effect of each is the same."), cert. denied, 147 So.2d 530 (Fla. 1962).
[3] Because the trial court did not address the appellee's alternative basis for summary judgment, whether the action was time-barred by the two-year statute of limitations, that issue is not before us. Accordingly, we decline to comment on it. Moore, 579 So.2d at 190.
[4] To the extent that the trial court's rejection of Moore may have been motivated by an attempt to harmonize its ruling on the motion for summary judgment with the spirit and philosophy of the statute of repose expressed by the supreme court in Kush, such an approach was also error. See Anderson v. City of Miami, 101 So.2d 612, 615 (Fla. 3d DCA 1958) (court should not seek so elusive a phantom as the spirit of an opinion but should consider itself bound only by those propositions held to be determinative in a particular opinion).
[5] See, e. g., Regan v. ITT Indus. Credit Co., 469 So.2d 1387 (Fla. 1st DCA 1984), approved, 487 So.2d 1047 (Fla.1986); Shortridge v. State, Case No. 94-04227, ___ So.2d ___ (Fla. 2d DCA May 22, 1996).
[6] Trial courts in other districts must also adhere to Moore, unless their district court of appeal has ruled to the contrary. Pardo v. State, 596 So.2d 665 (Fla.1992).