704 So.2d 623 (1997)
James S. PARHAM, Appellant,
v.
Gene A. BALIS, M.D., Chester E. Sutterlin, III, M.D., Chester E. Sutterlin, III, M.D., P.A., and Musculoskeletal Institute Chartered, Appellees.
No. 96-03037.
District Court of Appeal of Florida, Second District.
November 12, 1997.
Rehearing Denied February 9, 1998.
William J. Terry, Tampa, for Appellant.
Clifford L. Somers, Tampa, for Appellee Gene A. Balis, M.D.
Martin B. Unger and Brian D. Stokes of Unger, Swartwood, Latham & Whitaker, P.A., Orlando, for Appellees Chester E. Sutterlin, III, M.D. and Chester E. Sutterlin, III, M.D., P.A.
Thomas M. Hoeler and Glenn M. Burton of Shear, Newman Hahn & Rosenkranz, P.A., Tampa, for Appellee Musculoskeletal Institute Chartered, d/b/a Florida Orthopaedic Institute.
PER CURIAM.
James S. Parham, plaintiff in a medical malpractice action, appeals the dismissal of *624 his amended complaint which the trial court found to be barred by the statute of repose contained in section 95.11(4)(b), Florida Statutes (1989).[1] This statute prescribes: (1) a statute of limitations of two years; (2) a statute of repose of four years absent fraud or intentional misconduct; and (3) a statute of repose of seven years where there is an allegation that fraud, concealment, or intentional misrepresentation of fact prevented discovery of the negligent conduct. The issue raised in this appeal is whether the extensions of the statute of limitations allowed by sections 766.104(2)[2] and 766.106(4),[3] Florida Statutes (1989), also extend the statute of repose. We hold that they do and, therefore, reverse the order of dismissal.
As a result of injuries sustained in a fall, Parham underwent a two-part surgical procedure which included a neck fusion using a pedicle screw. The procedures were performed by appellees Gene A. Balis, M.D., and Chester E. Sutterlin, III, M.D., who were employed by, or associated with, appellee Musculoskeletal Institute, Chartered, at the time of the surgery.
The surgical procedures took place on December 18, 1990, and January 29, 1991. Parham alleged that he discovered the negligence on December 17,1993, when he was alerted to the hazards of pedicle screws by a television news documentary. On December 16, 1994, Parham filed a petition, pursuant to section 766.104(2), for an automatic 90-day extension of the two-year statute of limitations. On March 17, 1995, he served notice of his intent to initiate litigation pursuant to section 766.106, and on April 17, 1995, he served an amended notice adding Musculoskeletal Institute.
Parham filed an initial complaint for medical malpractice on July 20, 1995, and an amended complaint which added Dr. Sutterlin as a defendant on September 1, 1995. After considering a series of motions, the trial court eventually concluded that Parham's action was barred and dismissed the amended complaint with prejudice. In its order of dismissal, the trial court made the following pertinent rulings:
As noted earlier it is undisputed that the surgical procedure which forms the basis of this lawsuit occurred on January 29, 1991. Accordingly, on that date the Statute of Repose's time period commenced and the Plaintiffs were required to file their suit on or before January 29, 1995. It is also undisputed that suit was not filed as to Defendants, GENE A. BALIS, M.D. and MUSCULOSKELETAL INSTITUTE, CHARTERED, until July 20, 1995. Defendants CHESTER E. SUTTERLIN, III, M.D. and CHESTER E. SUTTERLIN, III, M.D., P.A., were not made parties until September 1, 1995, the date on which the Amended Complaint naming them was filed.
In a series of cases the Florida Supreme Court has rejected a number of different attempts to extend the repose time period. See, e.g., Carr v. Broward County, 541 So.2d 92 (Fla.1989); University of Miami v. Bogorff, 583 So.2d 1000 (Fla.1991); and, Kush v. Lloyd, 616 So.2d 415 (Fla.1992). Accordingly, Plaintiffs' contention that the repose time period was extended or tolled by their petition pursuant to Florida Statutes *625 § 766.104 or their service of a "Notice of Intent to Initiate Litigation" as required by Florida Statute § 766.106, cannot be sustained. The Court rejects the applicability of Moore v. Winter Haven Hospital, 579 So.2d 188 (Fla. 2d DCA 1991) to the undisputed facts of this case.
We first observe that the trial court was without authority to reject our opinion in Moore v. Winter Haven Hospital, 579 So.2d 188 (Fla. 2d DCA 1991). See Wood v. Fraser, 677 So.2d 15 (Fla. 2d DCA 1996). In Moore, this court determined that the four-year statute of repose was tolled by the service of a notice of intent to initiate medical malpractice litigation as provided for in section 768.57(4), Florida Statutes (1987) [now transferred to 766.106(4)] because "[t]he `statute of repose' is subsumed in the general term `statute of limitations' of section 95.11(4)." Applying the same reasoning that we applied in Moore, we conclude that the 90-day extension allowed by section 766.104(2) extends both the statute of limitation and the statute of repose. Furthermore, as we explained in Wood, we discern nothing in the holding of Kush which compels us to conclude that it overruled Moore. Even though the trial court here apparently reached a different conclusion, "in the absence of a clear expression from the Florida Supreme Court, the issue of whether one of our opinions is in conflict with a later supreme court opinion should be left to our determination." Wood, 677 So.2d at 18.
Accordingly, we reverse the trial court's order dismissing the amended complaint and remand for further proceedings consistent with this opinion.
Because our holding in this case will potentially impact many medical malpractice claims, we certify the following question as one of great public importance:
DO THE EXTENSIONS OF THE STATUTE OF LIMITATIONS ALLOWED BY SECTIONS 766.104(2) AND 766.106(4), FLORIDA STATUTES (1989), ALSO EXTEND THE STATUTE OFREPOSE CONTAINED IN SECTION 95.11(4)(B), FLORIDA STATUTES (1989)?
THREADGILL, A.C.J., and PATTERSON, J., concur.
FULMER, J., concurs specially in result only.
FULMER, Judge, concurring.
I concur with the majority only because I agree that the trial court erred by rejecting our opinion in Moore, 579 So.2d 188. As we stated in Wood, 677 So.2d at 18-19, "[U]ntil such time as the supreme court overrules Moore, or we recede from it en banc, or the Florida legislature clearly expresses its disapproval of Moore by a subsequent statutory enactment, trial courts in this district are firmly bound by its holding."
However, I disagree with this court's holding in Moore that "[t]he `statute of repose' is subsumed in the general term `statute of limitations' of section 95.11(4) and is tolled by the service of the notice of intent to litigate." 579 So.2d at 190. This holding is premised upon the conclusion that "[t]o hold otherwise would frustrate the legislative intent of section 768.57 in its entirety." I also disagree with this conclusion. Therefore, I would have taken this opportunity to recede from Moore and would have affirmed the trial court's ruling.
It is my view that the statute of repose in 95.11(4)(b) is neither extended nor tolled by the provisions of sections 766.104 and 766.106. Rather, it begins to run on the date the incident of medical malpractice occurs and continues to run without regard to what is transpiring with the cause of action or the statute of limitations, until it expires either four or seven years later, thereby barring any action not yet filed.[4] My conclusion is based on a plain reading of the statutes, the differences between a statute of limitations and a statute of repose, and the supreme court's recognition that the time periods of each operate independent of the other.
When the language of a statute is clear and unambiguous, the statute must be given its plain and ordinary meaning. Courts are *626 without power to construe an unambiguous statute in a way which would modify its express terms. See Holly v. Auld, 450 So.2d 217 (Fla.1984). Section 95.11(4)(b) was originally enacted as part of the Medical Malpractice Reform Act of 1975. See Ch. 75-9, Laws of Fla. The provisions contained in sections 766.104(2) and 766.106(4) were originally enacted as part of the Comprehensive Medical Malpractice Reform Act of 1985. See Ch. 85-175, Laws of Fla. Therefore, at the time the legislature drafted the language in sections 766.104 and 766.106, respectively granting "an automatic 90-day extension of the statute of limitations" and providing that "the statute of limitations is tolled" during the 90-day period following service of the notice of intent, section 95.11 had been in existence for ten years and provided for both a statute of limitations and a statute of repose. A plain reading of these statutes requires the conclusion that the legislature intended to "extend" and "toll" only the statute of limitations.
This conclusion is also consistent with the language in the repose provisions of section 95.11(4)(b) which provides: "however, in no event shall the action be commenced later than 4 years" and "but in no event to exceed 7 years." I believe the words "in no event" preclude a statutory interpretation that allows an extension or a tolling of the four or seven year period. Furthermore, contrary to the suggestion in Moore that its holding was carrying out legislative intent, I would hold that limiting these statutes to their plain meaning is consistent with the distinctions between a statute of limitations and a statute of repose.
A statute of limitations is a procedural device that establishes a time period within which an action must be brought, and begins to run at the time an injury occurs or is discovered. It, therefore, operates as a defense to limit the remedy available on an accrued cause of action. A statute of repose cuts off a right of action after a specified period of time without regard to when the cause of action accrued, and begins to run from the date of a discrete act on the part of the defendant. It, therefore, essentially creates in those protected a substantive right to be free from liability after a legislatively determined period of time.
In Kush v. Lloyd, 616 So.2d 415, 421-22 (Fla.1992), the supreme court stated that:
[T]he medical malpractice statute of repose represents a legislative determination that there must be an outer limit beyond which medical malpractice suits may not be instituted. In creating a statute of repose which was longer than the two-year statute of limitation, the legislature attempted to balance the rights of injured persons against the exposure of health care providers to liability for endless periods of time.
As an example of the proper application of the medical malpractice statute of repose, the supreme court cited Carr v. Broward County, 541 So.2d 92 (Fla.1989). In that case the parents of a child who suffered brain damage at birth alleged that they were unable to discover the negligence until almost ten years after the date of the malpractice incident. The supreme court affirmed the dismissal of the action on the grounds that the claim was barred by the statute of repose before it accrued. In doing so, the court held that, because the legislature had found an overriding public necessity in its enactment of section 95.11(4)(b), the plaintiffs were not unconstitutionally denied their access to the court as guaranteed by Article I, Section 21 of the Florida Constitution. Given the markedly different nature and purpose between statutes of repose and statutes of limitation, I cannot subscribe to the reasoning of Moore that the statute of repose is subsumed in the statute of limitations.
Finally, it seems to me that implicit in the supreme court's review of several medical malpractice cases is a recognition that the statute of limitations and the statute of repose operate independent of one another, which is another reason that one cannot be said to be subsumed in the other. In Tanner v. Hartog, 618 So.2d 177 (Fla.1993), the supreme court traced the development of the rule announced in Nardone v. Reynolds, 333 So.2d 25 (Fla.1976),[5] governing when the statute of limitations begins to run in a medical malpractice action. In an effort to ameliorate *627 the harsh results which can occur by a strict application of this rule, the supreme court relaxed its prior interpretation and held that "knowledge of the injury as referred to in the rule as triggering the statute of limitations means not only knowledge of the injury but also knowledge that there is a reasonable possibility that the injury was caused by medical malpractice." Tanner, 618 So.2d at 181. Because the new interpretation of Nardone could be viewed as a departure from stare decisis, the court reconciled its action by stating, "[T]he fact that in Kush we have now definitively placed an outer time limit beyond which medical malpractice actions may not be commenced can be viewed as a justification for such a departure." Id. at 182. Categorizing the statute of repose as an outer time limit is inconsistent with a conclusion that this time limit is automatically extended or tolled by the circumstances which extend or toll the statute of limitation. Therefore, while the supreme court was never called upon in any of these cases to expressly address the tolling or extension of the statute of repose period, it seems clear to me that underlying the court's analyses was the assumption that the repose period ran without interruption from the day of the malpractice incident until the expiration of the statutory period without regard to the statute of limitations.
NOTES
[1] Section 95.11 (4)(b) provides in part:

An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.
[2] Section 766.104(2) provides:

Upon petition to the clerk of the court where the suit will be filed and payment to the clerk of a filing fee, not to exceed $25, established by the chief judge, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable investigation required by subsection (1). This period shall be in addition to other tolling periods. No court order is required for the extension to be effective. The provisions of this subsection shall not be deemed to revive a cause of action on which the statute of limitations has run.
[3] Section 766.106(4) provides in part:

The notice of intent to initiate litigation shall be served within the time limits set forth in s. 95.11. However, during the 90-day period, the statute of limitations is tolled as to all potential defendants.
[4] In 1996, the legislature amended section 95.11(4)(b) to provide that no action brought on behalf of a minor before the child's eighth birthday would be barred by the statute of repose.
[5] The Nardone rule is that the statute of limitations begins to run when the plaintiff knew or should have known that either the injury or the negligence had occurred.