PER CURIAM.
Joseph Herrmann appeals the trial court’s denial of his motion to suppress evidence. Because the officer lacked a founded suspicion to conduct the traffic stop that resulted in the seizure of cocaine from Herrmann’s vehicle, we reverse.
At approximately 4:30 a.m., Deputy Johnson observed a Mustang parked at a Texaco gas station near some pay telephones. The station was open for business. The deputy observed Herrmann talking on the telephone and then walking back to the Mustang and entering the driver’s seat. Another individual then exited the Texaco station store yelling, talking and waving his hands. The deputy could not hear what he was yelling. This individual also entered the Mustang and sat in the backseat. Once this passenger was seated, the car drove off at a fast pace, although not breaking any laws. When the car stopped shortly thereafter at a stop sign, Deputy Johnson conducted a traffic stop. During the subsequent investigation, cocaine was located in the vehicle.
A trial court’s ruling on a motion to suppress is entitled to a presumption of correctness and we interpret the evidence and reasonable inferences derived therefrom in a manner most favorable to sustaining the trial court’s ruling. See Rolling v. State, 695 So.2d 278, 291 (Fla.), cert. denied, - U.S. -, 118 S.Ct. 448, 139 L.Ed.2d 383 (1997). An officer must have a founded suspicion of criminal activity before he can make a stop pursuant to section 901.151, Florida Statutes (1997). “A hunch is not enough.” Estep v. State, 597 So.2d 870 (Fla. 2d DCA 1992).
At the hearing on the motion to suppress, the officer testified that he stopped the car because he saw the passenger yelling and waiving his hands as he came out of the gas station. The officer stated, “I didn’t know if it was suspicious. To me, I stopped him to verify everything was okay, you know, nothing happened at the store.” Based on the officer’s own testimony, we conclude that he did not have the requisite founded suspicion for the stop. See Estep; Aguila v. State, 567 So.2d 1007 (Fla. 3d DCA 1990). Therefore, we reverse the denial of the motion to suppress and, because this motion was dispositive, we remand for Herrmann to be discharged.
We also comment on an impropriety that we observed in the record on appeal. In denying the motion to suppress, the trial judge began his oral ruling by stating:
It’s no secret that my feelings as to what is a well founded suspicion on the part of law enforcement is considerably different than what the Second District Court of Appeals perceives to be a well founded suspicion so as to rely upon a stop, to justify a stop.
This remark, together with those in which the trial judge explained his ruling, suggests an intentional refusal to follow the precedent from this court. We remind the trial judge that although trial courts are free to express their disagreement with decisions of higher courts, they are not free to disregard them in the adjudicatory process. See Wood v. Fraser, 677 So.2d 15, 19 (Fla. 2d DCA 1996). “Any deviation from this fundamental tenant of jurisprudence can only result in an erosion of the rule of law, thereby causing uncertainty and unpredictability in the resolution of judicial disputes, as well as a needless expenditure of litigant and judicial resources.” Id.
Reversed and remanded with directions.
PARKER, C.J., and FULMER, J., and QUINCE, PEGGY A., Associate Judge, Concur.