405 So.2d 440 (1981)
REGENCY WOOD CONDOMINIUM, INC., a Non-Profit Florida Corporation, Appellant,
v.
BESSENT, HAMMACK AND RUCKMAN, INC., a Florida Corporation; Holmberg Construction Company, a Florida Corporation; Southern Townhouse Corporation, a Florida Corporation; Houdaille Industries, Inc., a Florida Corporation; Jax Utilities Construction Co., a Florida Corporation; and Regency Utilities, Inc., a Florida Corporation, Appellees.
No. ZZ-69.
District Court of Appeal of Florida, First District.
October 14, 1981.
Rehearing Denied November 20, 1981.
Joseph P. Milton and Thomas R. Ray, Jacksonville, for appellant.
Stephen H. Durant, Stephen D. Halker, E. Robert Williams, John S. Duss, IV, Herbert R. Kanning, Betsy C. Cox and Richard C. Stoddard, Jacksonville, for appellees.
JOANOS, Judge.
Regency Wood, a condominium association, brought suit against the condominium developer and various entities allegedly responsible for the design, construction, maintenance or repair of a part of the common elements (specifically, Greencastle Drive) for which Regency Wood has the duty of care under the declaration of condominium. After motions to dismiss alleging numerous grounds were filed by each defendant, the first complaint was dismissed with leave to amend. Regency Wood then filed an amended complaint which was substantially identical to the original, an, after memorandum were filed by each side, the "amended" complaint was again dismissed with leave to *441 amend.[1] Instead of amending, however, Regency Wood's attorney notified the judge that his client wished to stand on the complaint as it read and sent an order for the judge to sign dismissing the complaint with prejudice. The trial court then entered the final order of dismissal appealed from by Regency Wood. We hold that dismissal of the amended complaint was improper and reverse.
According to the allegations of the amended complaint, the developer, Southern Townhouse, dedicated Regency Wood, Phase II to condominium ownership on August 27, 1973 and retained majority control over the condominium association until January 8, 1976. In construction of the condominium, the developer contracted with Bessent, Hammack and Ruckman, Inc. to provide engineering services and develop plans and specifications. Holmberg Construction was hired as general contractor and Houdaille Industries was the sub-contractor responsible for the construction of the sanitary sewer and underdrain system for Greencastle Drive.
Regency Wood alleged that latent defects (depressions) appeared in Greencastle Drive during the spring of 1974 and again in the spring of 1976 at the location where the drain and sewer system crossed under the road. On the latter occasion, large underground holes were discovered which the developer employed Jax Utilities Construction Co., Inc. to repair. The depressions and cracks in the road reoccurred in May to August of 1977. Inspection revealed a broken sewer pipe and an improperly constructed drainage system. Jax Utilities again attempted to repair. All repairs of the road and underlying drainage system from 1974 through 1977 were made without Regency Wood's knowledge or approval. Finally, in June of 1979, the problem reappeared revealing, on inspection, large holes resulting from improper drainage, engineering, construction and/or repair.
Relying on these allegations, Regency Wood filed its complaint on November 28, 1979 and sought recovery under four counts. Count I alleged that the repeated depressions resulted from the negligence of the defendants in drainage design, excavation, supervision, installation, repair, and diagnosis of the problem. Count II alleged that Regency Wood was a third party beneficiary of the various contracts entered into between the developer and the engineer, the contractor, and those companies responsible for repair or maintenance of Greencastle Drive. Regency Wood stated that it did not have copies of the contracts but believed that the defendants had copies. Under Count III, Regency Wood alleged that Regency Utilities owned the easement to Greencastle Drive and owed Regency Wood a duty, which was breached, to properly maintain and repair the easement. Count IV alleged that by reason of the contracts mentioned in Count II, each defendant owed a duty to Regency Wood which was breached.
Most of the grounds for dismissal raised by the appellees do not, in our opinion, require lengthy discussion. Dismissal was not warranted for failure to attach the contracts[2], failure to state a cause of action for negligence[3], or failure to properly allege a class action under Florida Rule of Civil Procedure, Rule 1.221. In addition, the third party beneficiary count should not have been dismissed without reviewing the contracts[4], and Regency Wood was never given *442 the opportunity to obtain the contracts through use of discovery.[5]
The ground relied upon by the trial judge in her order and argued most thoroughly by the parties is the contention that Regency Wood's suit is barred by the statute of limitations in § 95.11(3)(a) and (c), Florida Statutes, 1979.[6] That section provides, in pertinent part:
95.11 Limitations other than for the recovery of real property. 
... .
(3) WITHIN FOUR YEARS. 
(a) An action founded on negligence.
... .
(c) An action founded on the design, planning or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer; except that when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. In any event the action must be commenced within 12 years after the date of actual possession by the owner, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer.
The trial judge found from the allegations of the complaint that the cause of action arose in 1974 and, therefore, under the four year limitation period of § 95.11(3), the action was barred.
Regency Wood argues that § 95.11(3) was not properly applied in this case. In January 1977, the legislature adopted § 718.124, Florida Statutes, entitled "Limitation on Actions by Associations," which provides:
The statute of limitations for any actions in law or equity which a condominium association or cooperative association may have shall not begin to run until the unit owners have elected a majority of the members of the board of administration.
According to the allegations of the complaint, the developer maintained majority control of the association until January 8, 1976. If § 718.124 applies, the four year period of § 95.11(3) would not begin to run until January 8, 1976, and the complaint, filed on November 28, 1979 would be timely.
The appellees have argued that § 718.124 is inapplicable for several reasons. Citing B & J Holding Corporation v. Weiss, 353 So.2d 141 (Fla. 3d DCA 1978), they contend that § 718.124 applies only to a cause of action arising out of Chapter 718, while the theories of recovery in this case arise out of common law. The appellees' reliance on B & J Holding is misplaced. The statute in B & J Holding (§ 711.24, Florida Statutes (1973)) created a cause of action for purchasers of a condominium who relied on false or misleading advertising. The final paragraph of § 711.24 provided that "[u]nder no circumstances shall a cause of action created or recognized under this section survive for a period or [sic] more than five years after the closing of the transaction." (e.s.) Since the plaintiffs in B & J Holding sued under contract and implied warranty theories, not § 711.24, the court's summary conclusion that the limitations period of § 711.24 did not apply was easy to understand. The statute in this case by its terms applies to "any actions in law or equity which a condominium association ... may have... ." Unlike § 711.24, there is no justification in the language of § 718.124 for limiting its application to actions under Chapter 718; in fact, the opposite intent is expressed.
*443 The second argument made by appellees is that the legislature did not clearly express an intention that § 718.124 be retroactively applied to a cause of action arising out of events occurring prior to the statute's effective date. Citing Foley v. Morris, 339 So.2d 215 (Fla. 1976), and Homemakers, Inc. v. Gonzales, 400 So.2d 965 (Fla. 1981), appellees contend that if the intent is not sufficiently manifested, the statute should be prospectively applied only. In response, Regency Wood points out that at the time § 718.124 became law, the association's cause of action was still viable. Regency Wood argues that the statute did not revive a claim, it merely extended the previous statute of limitations under § 95.11. See, e.g. Mazda Motors of America v. S.C. Henderson & Sons, Inc., 364 So.2d 107 (Fla. 1st DCA 1978).
In Foley, the Florida Supreme Court refused to retroactively apply an amendment to a statute of limitations which had the effect of shortening the statute. The Court quoted two district courts of appeal decisions reaching the same result on the rationale that if there was a reasonable doubt as to the legislature's intention to apply the statute retroactively, the doubt should be resolved in favor of the party whose cause of action was dismissed. Finally, the Court noted that "in the absence of a clear manifestation of legislative intent to the contrary, statutes of limitation are construed as prospective and not retrospective in their operation, and the presumption is against any intent to make such a statute retroactive."
This Court in Mazda Motors stated that the Foley decision was intended to apply only where the statute of limitations was shortened. The court reasoned that where, as in this case, the statute extended the period of limitations, it does not impair a vested right; hence, it was not "retroactive legislation." Our analysis in Mazda Motors was apparently rejected in Homemakers, Inc., where the Florida Supreme Court held that a provision which would have the effect of lengthening the limitations period for an existing cause of action was prospective only. According to the Court, "a statute of limitations will be prospectively applied unless the legislative intent to provide retroactive effect is express, clear and manifest." Thus, our duty in this case is to determine whether the legislature intended § 718.124 to apply to causes of action which accrued prior to the effective date of that statute. In this regard, the statute in this case is distinguishable from the statute in Homemakers, Inc.; we determine that § 718.124 was intended to apply to causes of action which accrued prior to the effective date of the act.
The statute construed in Homemakers, Inc. was subject to several amendments over a two year period with the effect that some causes of action under the original provision were shortened while others were lengthened. Along with one of these amendments, the legislature enacted a "savings clause," which provided a one year grace period for the filing of causes of action that would be prematurely barred by the new statute of limitations. The plaintiff in Homemakers, Inc., argued that the "savings clause" should be applied to lengthen her pre-existing cause of action. Finding no indication of any legislative intent that the provision be used to lengthen a cause of action, the Court noted that "the obvious purpose of enacting a savings clause is to satisfy the constitutional mandate that to shorten a period of limitation, the legislature must by statute allow a reasonable time to file actions already accrued."
Just as the obvious purpose of the provision in Homemakers, Inc. was to apply to a shortened limitations period, the obvious purpose of § 718.124 was to lengthen the limitations period for particular causes of action. Section 718.124 was intended to prevent a developer from retaining control over an association long enough to bar a potential cause of action which the unit owners might otherwise have been able and willing to pursue. To this end, the statute provides that an association's cause of action does not accrue until the unit owners have acquired control over the association. The legislature's intention to apply this provision *444 to pre-existing causes of action which were viable at the effective date of the statute is expressed through its application to "any actions ... which a condominium association... may have ... ." (e.s.) As of the effective date of § 718.124, Regency Wood had a viable cause of action against the developer and its contractors for the damage to one of the association's common elements. Under the specific language of the statute, this action was deemed not to have accrued until January 8, 1976, the date when majority control over Regency Wood by unit owners was alleged to have occurred. Regency Wood had four years from that date to file its complaint. Thus, looking at the allegations of the complaint, Regency Wood's cause of action was timely filed and dismissal was improper.
REVERSED and REMANDED for reconsideration consistent with this opinion.
ROBERT P. SMITH, Jr., Chief Judge, and THOMPSON, J., concur.
NOTES
[1] Although the failure of Regency Wood to substantially amend the complaint might have justified a dismissal with prejudice, the judge was within her discretion in hearing further argument on the original grounds of the motions to dismiss and in allowing leave to amend. Since the trial judge did not view Regency Wood's breach of the rules as justification for dismissal with prejudice, we do not feel it appropriate to uphold the dismissal for that reason.
[2] Sachse v. Tampa Music Co., 262 So.2d 17 (Fla. 2nd DCA 1972).
[3] See, e.g., Parliament Towers Condominium v. Parliament House Realty, Inc., 377 So.2d 976 (Fla. 4th DCA 1980).
[4] A.R. Moyer, Inc. v. Graham, 285 So.2d 397 (Fla. 1973).
[5] Sachse v. Tampa Music Co., supra.
[6] Although the statute of limitations defense is ordinarily brought as an affirmative defense, the trial judge was correct in her statement that the statute of limitations may be raised by motion to dismiss if the facts supporting the defense appear on the face of the complaint.