658 So.2d 922 (1994)
CHARLEY TOPPINO & SONS, Inc., etc., Petitioner,
v.
SEAWATCH AT MARATHON CONDOMINIUM ASSOCIATION, INC., etc., Respondent.
EPIC METALS CORP., et al., Petitioners,
v.
SEAWATCH AT MARATHON CONDOMINIUM ASSOCIATION, INC., etc., Respondent.
No. 80872, 80873.
Supreme Court of Florida.
November 10, 1994.
Rehearing Denied February 14, 1995.
Arthur J. England, Jr. and Charles M. Auslander of Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, and Lynn E. Wagner and Richard A. Solomon of Cabaniss, Burke & Wagner, P.A., Orlando, on behalf of Charley Toppino and Sons, Inc.
Richard A. Sherman and Rosemary B. Wilder of the Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, on behalf of Turtle Kraals, Ltd.
Gail Leverett, Betsy E. Gallagher and David B. Pakula of Kubicki, Draper, Gallagher & McGrane, P.A., Miami, on behalf of Epic Metals Corp., for petitioners.
H. Hugh McConnell and Steven M. Siegfried of Siegfried, Kipnis, Rivera, Lerner & De La Torre, P.A., Coral Gables, for respondent.
Karl M. Scheuerman, Chief Atty., Dept. of Business and Professional Regulation, Tallahassee, amicus curiae for Div. of Florida Land Sales, Condominiums, and Mobile Homes.
*923 SHAW, Justice.
We have for review a decision presenting the following certified question of great public importance:
Does section 718.124, Florida Statutes [(1987)], grant a condominium association an extended period of time in which it may assert a cause of action for damage to common elements in condominium buildings, beyond the time granted in section 718.203, Florida Statutes [(1987)], after unit owners have elected a majority of the members of the board of administration?
Seawatch at Marathon Condominium Ass'n, Inc. v. Charley Toppino & Sons, Inc., 610 So.2d 470 (Fla. 3rd DCA 1992). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the affirmative and approve Seawatch.

I. FACTS
Seawatch Condominium consists of three five-story buildings that were constructed between 1981 and 1983. Certificates of occupancy were issued on February 19, 1982, April 12, 1982, and April 8, 1983. Control of the condominium association (the Association) passed from the developer to the unit owners on August 10, 1985, and the Association filed the present suit on May 13, 1988, "in its own right and as the lawful representative of the class of owners of the parcels or units comprising the Condominium." The complaint[1] alleged that damages were caused throughout the condominium by the use of defective concrete and metal decking during construction. These defects allegedly resulted in the cracking of concrete surfaces, cracking of ceramic tiles attached to the surfaces, and the seepage of rust-stained water onto automobiles parked below. The complaint noted that the claim "concern[s] matters of common interest to the Association's Unit owner members, which matters include the Condominium's common elements."
The following were named as defendants: Turtle Kraals, Ltd., the developer; Monroe Construction Corporation, the general contractor; Charley Toppino & Sons, Inc., the manufacturer and supplier of the concrete; and Epic Metals Corporation, the manufacturer of the metal decking system. The suit was based on the "breach of implied warranties deemed to have been granted to the plaintiff Unit Owners pursuant to ... section 718.203, Florida Statutes [1987]."
The trial court dismissed the complaint with prejudice without giving a rationale. The district court reversed, reasoning thusly: Section 718.203(2)(a), Florida Statutes (1987), provides a cause of action for breach of implied warranty; section 95.11(3)(c) provides a four-year limitations period for bringing implied warranty actions; and section 718.124 tolls the running of the limitations period until control of the condominium association passes from the developer to the unit owners. The court found the suit timely, but certified the above question.

II. THE LAW
The law governing the right of condominium unit owners and associations to sue is set out in chapter 718, Florida Statutes (1987), and the time limits for filing suit are contained in chapter 95, Florida Statutes (1987).

A. Rights of the Association
Section 718.203, Florida Statutes (1987), creates a statutory cause of action for breach of implied warranty of fitness in condominium construction:
718.203 Warranties. 
(1) The developer shall be deemed to have granted to the purchaser of each unit an implied warranty of fitness and merchantability for the purposes or uses intended as follows:
(a) As to each unit, a warranty for 3 years commencing with the completion of the building containing the unit.
... .
(e) As to the roof and structural components of a building or other improvements and as to mechanical, electrical, and plumbing elements serving improvements or a building, except mechanical elements *924 serving only one unit, a warranty for a period beginning with the completion of construction of each building or improvement and continuing for 3 years thereafter or 1 year after owners other than the developer obtain control of the association, whichever occurs last, but in no event more than 5 years.
....
(2) The contractor and all subcontractors and suppliers grant to the developer and to the purchaser of each unit implied warranties of fitness as to the work performed or materials supplied by them as follows:
(a) For a period of 3 years from the date of completion of construction of a building or improvement, a warranty as to the roof and structural components of the building or improvement and mechanical and plumbing elements serving a building or an improvement, except mechanical elements serving only one unit.
As noted in the statute, the right to exercise this implied warranty belongs to the unit purchaser, i.e., the unit owner.
A separate statutory section within the same chapter specifically grants to condominium associations the power to file lawsuits on behalf of the unit owners in matters of common interest:
718.111 The association. 
....
(3) POWER TO MANAGE CONDOMINIUM PROPERTY AND TO CONTRACT, SUE, AND BE SUED.  The association may contract, sue, or be sued with respect to the exercise or nonexercise of its powers... . After control of the association is obtained by unit owners other than the developer, the association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest, including, but not limited to, the common elements; the roof and structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving an improvement or a building; representations of the developer pertaining to any existing or proposed commonly used facilities... . If the association has the authority to maintain a class action, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action.
§ 718.111(3), Fla. Stat. (1987) (emphasis added). See also Fla.R.Civ.P. 1.221.
Section 718.111's grant of power to associations to sue on behalf of unit owners is plainly and broadly worded and we see no reason to give this provision a cramped reading. Accordingly, we conclude that under the express provisions of chapter 718, the right to bring an implied warranty claim belongs to the unit owners, and this right may be exercised by the unit owners in the aggregate through their condominium association in matters of common interest.

B. Time Limits
As noted in section 718.203 above, the guarantee established in that section applies to defects that occur during the lifetime of the warranty, i.e., within three years of the date of completion of construction of the condominium or improvement.[2]Cf. Terren v. Butler, 134 N.H. 635, 597 A.2d 69, 71 (1991) ("We do not construe the one-year life of the statutory warranty to be a statute of limitations or even a time limit on the delivery of effective notice. The one-year period describes the life of the duty, that is, the period during which breach may occur."). A lawsuit based on such a defect must be filed within the general time limits set out in chapter 95, Florida Statutes (1987). See, e.g., Naranja Lakes Condominium No. 2, Inc. v. Rizzo, 463 So.2d 378 (Fla. 3d DCA 1985) (suit for construction defects in condominium barred by section 95.11(3)(c), Florida Statutes (1981)); Biscayne Roofing Co. v. Palmetto Fairway Condominium Ass'n, Inc., 418 So.2d 1109 (Fla. 3d DCA 1982) (suit for breach of warranty in condominium construction timely filed under section 95.11(3)(c), Florida Statutes (1975)).
*925 The chapter 95 limitations period for bringing an "action founded on the design, planning, or construction of an improvement to real property" is four years:
95.11 Limitations other than for the recovery of real property.  Actions other than for recovery of real property shall be commenced as follows:
....
(3) WITHIN FOUR YEARS. 
....
(c) An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, [or] the date of the issuance of a certificate of occupancy ... whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. In any event, the action must be commenced within 15 years after the date of actual possession by the owner, [or] the date of the issuance of a certificate of occupancy ... whichever date is latest.
§ 95.11, Fla. Stat. (1987). Accordingly, a suit for breach of implied warranty under section 718.203 ordinarily must be filed within this four-year period.
The legislature has further provided in chapter 718 that the running of the limitations period on suits filed by a condominium association is tolled until control of the association passes from the developer to the unit owners:
718.124 Limitation on actions by association.  The statute of limitations for any actions in law or equity which a condominium association or a cooperative association may have shall not begin to run until the unit owners have elected a majority of the members of the board of administration.
§ 718.124, Fla. Stat. (1987).
The purpose of this tolling provision was explained in Regency Wood Condominium, Inc. v. Bessent, Hammack & Ruckman, Inc., 405 So.2d 440 (Fla. 1st DCA 1981):
[T]he obvious purpose of § 718.124 was to lengthen the limitations period for particular causes of action. Section 718.124 was intended to prevent a developer from retaining control over an association long enough to bar a potential cause of action which the unit owners might otherwise have been able and willing to pursue. To this end, the statute provides that an association's cause of action does not accrue until the unit owners have acquired control over the association.
Id. at 443.
As noted above, chapter 718's tolling provision by its own terms applies to "any action[] in law or equity" filed by "a condominium association," and we conclude that this broad language embraces the implied warranty claims authorized in the same statutory chapter.

III. CONCLUSION
In sum, a condominium association has a statutory right to file suit on behalf of its unit owners for breach of implied warranty of fitness and merchantability for construction defects affecting the common interest. Such a suit must be filed within the general time limits set out in chapter 95, but the commencing of this limitations period shall be tolled until control of the association passes from the developer to the unit owners.
We answer the certified question in the affirmative and approve the decision of the district court below in Seawatch.
It is so ordered.
GRIMES, C.J., OVERTON, KOGAN and WELLS, JJ., and McDONALD, Senior Justice, concur.
HARDING, J., dissents with an opinion.
HARDING, Justice, dissenting.
I respectfully dissent. The majority's conclusion that section 718.203, Florida Statutes (1987), allows a condominium association to bring a breach of warranty claim separate from the unit owners' action and that the broad language of section 718.124 tolls the statute of limitations for that claim is a jump I am unwilling to make.
*926 Section 718.203(5) clearly accords the warranties provided by section 718.203[3] "to the benefit of each owner and his successor owners and to the benefit of the developer." The plain language of section 718.203(5) does not give the condominium association a right to sue in its own behalf for breach of implied warranty of fitness and merchantability.[4] Further, section 718.124, which tolls the statute of limitations for "actions in law or equity which a condominium association ... may have," does not affect the implied warranty rights established for unit owners in section 718.203. Thus, if a unit owner allows the statute of limitations to run out on his or her warranty claim, section 718.124 does not revive that suit for the condominium association.
I find nothing in these statutes that blurs the previously distinct line between unit owners and condominium associations. In fact, this Court has rejected the argument that "an association is identical to and standing in the place of the unit owner." Century Village, Inc. v. Wellington, E, F, K, L, H, J, M, & G, Condominium Ass'n, 361 So.2d 128, 133 (Fla. 1978). So although section 718.111(3) provides, as emphasized by the majority, that "the association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest," it neither accords to the association causes of action nor extends limitations for actions conferred specifically to the unit owners.
Thus, unit owners are the real parties in interest for some purposes and condominium associations may have actions as real parties in interest for other purposes. See Avila S. Condominium Ass'n, Inc. v. Kappa Corp., 347 So.2d 599, 609 (Fla. 1977). The statute of limitations in section 718.124 applies only to those actions accorded to condominium associations. The majority cites no authority to support its conclusion "that under the express provisions of chapter 718, the right to bring an implied warranty claim belongs to the unit owners, and this right may be exercised by the unit owners in the aggregate through their condominium association in matters of common interest." Majority op. at 5-6. The plain language of section 718.203(5) does not support this conclusion.
To the contrary, where the legislature has spoken as to a specific (breach of warranty claim by unit owners)[5] and a general (extension of limitations generally to associations),[6] the doctrine of statutory construction expressio unius est exclusio alterius applies. Under this doctrine, the express mention of one thing means the exclusion of another. In Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952) this Court stated that if the legislature makes an exception to the statute of limitations, the Court "cannot write into the law any other exception, nor can we create by *927 judicial fiat a reason, or reasons, for tolling the statute since the legislature dealt with such topic and thereby foreclosed judicial enlargement thereof." 56 So.2d at 342.
Further, there is nothing in section 718.124 that would preclude a unit owner from bringing a claim for breach of warranty within the given warranty period. Therefore, it is somewhat puzzling why the majority finds it appropriate to extend the statute of limitations for condominium associations. Normally the legislature extends the limitations on actions only when there is some cause for delay in being able to assert a cause of action. For example, the Legislature allows the tolling of the statute of limitations in certain circumstances when a party has a legal disability and is unable to assert his or her cause of action. See § 95.051, Fla. Stat. (1991). When the condominium association is the real party in interest, there is good cause to toll the limitation because the association is under the control of the developer until the unit owners have elected a majority of the members of the board of administration. But when the condominium association's right to sue for breach of warranty stems from the unit owners' claim, I cannot make the jump that section 718.124 extends the limitation period.
The majority's reliance on Regency Wood Condominium, Inc. v. Bessent, Hammack & Ruckman Inc., 405 So.2d 440 (Fla. 1st DCA 1981), to support its position is unfounded. Regency Wood is good authority to explain why section 718.124 should lengthen the limitation period for particular causes of action. The case does not, however, nullify the distinction between causes of action that belong to an association and those specifically accorded to unit owners. The court stated "[s]ection 718.124 was intended to prevent a developer from retaining control over an association long enough to bar a potential cause of action which the unit owners might otherwise have been able and willing to pursue." Id. at 443. Regency Wood illustrates that the purpose of section 718.124 is to toll the action where an association is the real party in interest, not to revive a cause of action that the unit owners let expire.
Thus, insofar as the certified question refers to actions for breach of warranty under section 718.203, I would answer the question in the negative and quash the opinion below.
NOTES
[1] The complaint was amended twice. The above allegations are contained in the second amended complaint.
[2] The warranty also applies to defects occurring under certain other circumstances not relevant to our discussion here. See § 718.203, Fla. Stat. (1987).
[3] Section 718.203, Florida Statutes (1987), provides in relevant part:

(1) The developer shall be deemed to have granted to the purchaser of each unit an implied warranty of fitness and merchantability for the purposes or uses intended as follows:
(a) As to each unit, a warranty for 3 years commencing with the completion of the building containing the unit... .
(e) As to the roof and structural components of a building or other improvements and as to mechanical, electrical, and plumbing elements serving improvements or a building, except mechanical elements serving only one unit, a warranty for a period beginning with the completion of construction of each building or improvement and continuing for 3 years thereafter or 1 year after owners other than the developer obtain control of the association, whichever occurs last, but in no event more than 5 years... .
(2) The contractor and all subcontractors and suppliers grant to the developer and to the purchaser of each unit implied warranties of fitness as to the work performed or materials supplied by them as follows:
(a) For a period of 3 years from the date of completion of construction of a building or improvement, a warranty as to the roof and structural components of the building or improvement and mechanical and plumbing elements serving a building or an improvement, except mechanical elements serving only one unit.
[4] The condominium association could sue in its capacity as a representative of the unit owners. But such an action is derivative of the unit owner's claim and does not give the condominium association a separate interest. See Reibel v. Rolling Green Condominium A, Inc., 311 So.2d 156, 158 (Fla. 3d DCA 1975).
[5] § 718.203, Fla. Stat. (1987).
[6] § 718.124, Fla. Stat. (1987).