726 So.2d 796 (1999)
SABAL CHASE HOMEOWNERS ASS'N INC., Sabal Chase Townhomes, Inc., Sabal Chase Condominium I Ass'n, Inc., and Sabal Chase Condominium II Ass'n, Inc., f/u/b/o American Reliance Ins. Co., Appellants,
v.
WALT DISNEY WORLD CO., d/b/a ARDC Corporation f/k/a Arvida Corporation, The Walt Disney Co., Arvida/JMB Partners, Ltd., Sanford B. Miot, Mehmet Y. Ilter, BKM East, Inc., and Ibbid Investments of Florida, Westley Co., John Hannan, Associates Construction Co., and Ramon J. Barcia, Appellees.
No. 97-2475
District Court of Appeal of Florida, Third District.
January 13, 1999.
Rehearing and Certification of Question Denied March 24, 1999.
*797 Adorno & Zeder, Miami, and Raoul G. Cantero, III, Coconut Grove, and Jonathan Colan, Miami, for appellants.
Burd Downs & Magathan, and Madelyn Simon Lozano, Miami, for appellee, ARDC Corporation.
Ross & Tilghman, and Lauri Waldman Ross, Miami, for appellee, Sanford B. Miot.
Cole White & Billbrough, and Geoffrey B. Marks, Miami, for appellees, Ibbid Investment Properties of Florida, Inc., BKM East, Inc., and Mehmet Y. Ilter.
Before JORGENSON, COPE and GERSTEN, JJ.
PER CURIAM.
The issue in this case is whether the 15 year statute of repose for actions involving property construction applies to bar the appellants homeowners' associations' and insurer's complaint. We affirm finding the trial court correctly entered summary judgment in favor of the appellees because the statute of repose in Section 95.11(3)(c), Florida Statutes (1995), barred the cause of action.
Appellee Arvida Corporation ("Arvida") was the owner and developer of the Sabal Chase community of condominium homes and town homes. Construction on the condominiums began in 1973 and was completed on September 6, 1978, when the last certificate of occupancy was issued. Appellant American Reliance Insurance Co. ("insurer/subrogee"), insured the common areas of the community and also issued policies to appellants Sabal Chase Homeowners' Associations, Inc. ("Associations").
After hurricane Andrew severely damaged Sabal Chase in 1992, the insurer/subrogee paid nearly $4.5 million in claims to the Associations. In August of 1994, the Associations on behalf of the insurer/subrogee (hereafter collectively referred to as "appellants"), brought suit against appellee Arvida, and against co-appellees Walt Disney World Co., and Sanford Miot, claiming that latent construction defects caused the damage. In a second amended complaint filed in August of 1996, the appellants named as additional defendants co-appellees Mehmet Ilter, BKM East, Inc. and IBBID Investments of Florida. These defendants were responsible for the manufacture, design, and installation of trusses at Sabal Chase.
Thereafter, the appellees moved for summary judgment under the fifteen-year statute of repose, Section 95.11(3)(c), which was reenacted in 1980. This statute establishes a four-year statute of limitations period for actions involving property construction. Where the action involves a latent defect, the limitations period begins to run from the time the defect is discovered or should have been discovered. The statute further establishes that a cause of action must commence:
... within 15 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest.
The original section 95.11(3)(c), in effect in 1978, was "invalidated" in 1979 by the Florida Supreme Court because the legislature had not expressed an overwhelming public necessity for the provision. Thereafter in 1980, the legislature substantially reenacted the statute stating an overwhelming public need, expanding the statute of repose from 12 to 15 years, and adding the "date of issuance of a certificate of occupancy" as an additional alternative.
The appellees argued that when the appellants filed the complaint in 1994, more than 15 years had passed since the date of issuance of the last certificate of occupancy in 1978, and thus the cause of action could not be maintained. As proof that it had been *798 more than 15 years since the date of actual possession of the owner, the appellees presented the testimony of a representative of Metro-Dade's Department of Planning, Development and Regulation, who stated that certificates of occupancy were issued only to the owner in possession of the property. The trial court granted the appellees' motions for summary judgment and the Associations and insurer/subrogee now appeal.
The appellants first argue that of the four elements required to be established in Section 95.11(3)(c), the appellees failed to establish the "date of possession" by the owners. The record, however, reflects that all certificates of occupancy for the various condominium projects were issued by September of 1978. Testimony established that these certificates were not issued until after the original owner had actual possession of the property. Thus the commencement period for the statute of repose was established in 1978.
The appellants next argue that the turnover provision of the statute of limitations contained in the Condominium Act, Section 718.124, Florida Statutes (1995), extends to the statute of repose provisions contained in Section 95.11(3)(c). According to the appellants, even if the certificates of occupancy establish the date of possession, the failure of the appellees to establish the date on which the developer turned over the association to the unit owners precludes summary judgment. We disagree.
Section 718.124 provides that the statute of limitations for actions by a condominium association does not accrue until the unit owners have acquired control over the association.[1] The legislature clearly provided in Chapter 718 that the limitations period on suits filed by a condominium association is tolled until control of the association passes from the developer to the unit owners. See Charley Toppino & Sons, Inc. v. Seawatch at Marathon Condo. Ass'n., Inc., 658 So.2d 922 (Fla.1995).
However, a statute of limitations is not the same as a statute of repose. The clearly stated purpose of Section 718.124 is to lengthen the statute of "limitations" period, see Regency Wood Condo., Inc. v. Bessent, Hammack & Ruckman, Inc., 405 So.2d 440 (Fla. 1st DCA 1981), not the "repose" period. The appellant's argument to the contrary ignores fundamental distinctions between ordinary statutes of limitations and statutes of repose.[2] As explained by the Florida Supreme Court in Bauld v. J.A. Jones Constr. Co., 357 So.2d 401, 402 (Fla.1978):
We recognize the fundamental difference in character of [the statute of repose] provisions from the traditional concept of a statute of limitations. Rather than establishing a time limit within which action must be brought, measured from the time of accrual of the cause of action, these provisions cut off the right of action after a specified time measured from the delivery of a product or the completion of work. They do so regardless of the time of the accrual of the cause of action or of notice of the invasion of a legal right.
More recently in University of Miami v. Bogorff, 583 So.2d 1000, 1003 (Fla.1991), the Court again emphasized the distinction between the two statutes stating: "In contrast to a statute of limitation, a statute of repose precludes a right of action after a specified time which is measured from ... completion *799 of improvements, rather than establishing a time period within which the action must be brought measured from the point in time when the cause of action accrued." See also Kush v. Lloyd, 616 So.2d 415 (Fla.1992)(statute of repose runs from date of discrete action, without regard to when the cause accrued).
In sum, we find no support for the appellants argument that a statute of repose, which establishes a reasonable time period to bring an action, can be artificially extended by a statute of limitations that has a tolling effect. This court is "without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power." See Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)(quoting American Bankers Life Assur. Co. of Florida v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968)). We decline the appellants' invitation to abrogate legislative power and therefore conclude that section 718.124 is necessarily limited to its terms and does not otherwise alter section 95.11(3)(c).
Finally, the appellants argue the statute of repose is inapplicable, because it was enacted after the events occurred which the appellees claim triggered the repose period. The original section 95.11(3)(c), in effect in 1978, was "invalidated" in 1979 by the Florida Supreme Court based upon the Court's conclusion that the legislature had not expressed an overwhelming public necessity for the provision. See Overland Constr. Co. v. Sirmons, 369 So.2d 572 (Fla.1979).
Thereafter in 1980, the legislature reenacted the statute stating an overwhelming public need, and thereby curing the constitutional deficiency. The current statute is essentially the same as the stricken statute, except that the repose period was expanded from 12 to 15 years, and an alternative date of calculation was added, the "date of issuance of a certificate of occupancy."
Because the validity of the statute was sustained, and there was no modification to its operative effect in this case, the intervening period of invalidity based upon the court decision does not bar the statute's applicability. See American Liberty Ins. Co. v. West and Conyers, Architects and Engineers, 491 So.2d 573 (Fla. 2d DCA 1986). The fact that Section 95.11(3)(c) was repealed because of missing public necessity language and then later reenacted, does not affect the operational application of the statute of repose in this case. See Newton v. Mitchell, 42 So.2d 53 (Fla.1949); State v. Bowman, 116 Ohio App. 285, 187 N.E.2d 627 (Ohio Ct.App. 2 Dist.1962); Lander County v. Board of Trustees of the Elko General Hospital, 81 Nev. 354, 403 P.2d 659 (Nev.1965). Once the legislature cured the statutory defect in Section 95.11(3)(c) by supplying the requisite language, all parts of the original statute which were reenacted are deemed to have been in continuous effect. Thus the statute of repose did apply to the appellants' cause of action, notwithstanding the statute's brief period of invalidity based upon judicial interpretation and construction. See American Liberty Ins. Co. v. West and Conyers Architects and Engineers, 491 So.2d 573 (Fla. 2d DCA 1986).
Accordingly, for the reasons expressed above, we affirm the summary final judgment finding the appellants' cause of action barred by the statute of repose.
Affirmed.
JORGENSON, and GERSTEN, JJ., concur.
COPE, J., concurring in part and dissenting in part.
The rule applicable here is that where there is any substantial doubt on the interpretation of a statute of limitations, "the question should be resolved by choosing the longer rather than the shorter possible statutory period." Angrand v. Fox, 552 So.2d 1113, 1116 (Fla. 3d DCA 1989). That being so, the plaintiff condominium associations enjoy the benefit of section 718.124, Florida Statutes, which tolls the statute of limitations for such associations until control is turned over to the unit owners.

*800 I.
The plaintiff-appellant condominium associations brought suit against the defendant-appellee developers for construction defects. The developers argued that the associations' claims were barred by the fifteen-year statute of repose. See § 95.11(3)(c), Fla. Stat. (Supp.1980).[3] The associations reply, among other things, that the repose period was tolled by section 718.124, Florida Statutes.
Enacted in 1977, section 718.124, Florida Statutes, provides:
718.124 Limitation on actions by association. The statute of limitations for any actions in law [or] equity which a condominium association or a cooperative association may have shall not begin to run until the unit owners have elected a majority of the members of the board of administration.
This statute recognizes the practical reality that in the initial stage of condominium development, it is the developer who has the right to name the board of administration for the condominium association. See § 718.301, Fla. Stat. Only at a later point, after a sufficient number of units have been sold, does control of the condominium association shift from the developer to the unit owners. See id. The intent of section 718.124 is to suspend limitations periods until the condominium association has become entirely independent of the control of the developer.
The association and the developers disagree sharply over whether section 718.124 tolls statutes of repose. Section 718.124 indicates that "[t]he statute of limitations ... shall not begin to run until the unit owners have elected a majority of the members of the board...." Id. The associations contend that the phrase "statute of limitations" includes all limitations of whatever kind, including statutes of repose. The developers say that "statute of limitations" in section 718.124 is used in a technical sense, and excludes statutes of repose.
The problem is that the term "statute of limitations" has two related, but distinct, meanings. In a generic sense, a statute of limitations is simply a "statute that establishes a time limit for suing...." Bryan A. Garner, A Dictionary of Modern Legal Usage 831 (2d ed. 1995); see also Black's Law Dictionary 927 (6th ed. 1990). When used in a broad sense, the term "statute of limitations" includes statutes of repose; "the terms are often used interchangeably." Moore v. Winter Haven Hospital, 579 So.2d 188, 190 (Fla. 2d DCA 1991) (citation omitted).
In a technical sense, the law draws a distinction between a statute of limitations and a statute of repose. A statute of limitations bars a "right of action unless it is filed within a specified period of time after injury occurs, while [a] `statute of repose' terminates any right of action after a specific time has elapsed, regardless of whether there has as yet been an injury." Black's Law Dictionary 927 (citation omitted); see also Garner, supra, at 759; Kush v. Lloyd, 616 So.2d 415, 418-19 (Fla.1992).
In my view, the condominium associations' analysis is correct. Section 718.124 must be read to toll all limitations periods, including those characterized as statutes of repose.
*801 First, "[i]t is well established that a limitations defense is not favored[,] and that therefore, any substantial doubt on the question should be resolved by choosing the longer rather than the shorter possible statutory period." Angrand v. Fox, 552 So.2d 1113, 1116 (Fla. 3d DCA 1989) (citations omitted). Under that rule of interpretation, section 718.124 applies to all limitation periods, including statutes of repose.
Second, section 95.11(3)(c) itself uses four alternatives to begin the 15-year repose period. They are:
the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer, whichever date is latest.
Id. To these four possibilities section 718.124 adds a fifth: the date of turnover of control of the condominium association. Turnover of control is analogous to the date on which a property owner assumes actual possession for purposes of section 95.11(3)(c). There is nothing conceptually wrong or inconsistent in saying that section 718.124 extends all of the time periods contained in section 95.11(3)(c).
Third, as a matter of statutory construction, it should be noted that the name of chapter 95, Florida Statutes, is "Limitation of Actions." The term "repose" has grown up in judicial decisions, see Kush, 616 So.2d at 418-19, but it is not a term used by the Legislature anywhere in chapter 95. When the Legislature uses the unadorned term "statute of limitations," it is referring to the entirety of chapter 95which includes limitations and repose.
Finally, the Second District's decision in Moore is persuasive and should be followed. There, the court construed a statute which tolled the statute of limitations during medical malpractice screening. The court held that the phrase "statute of limitations" included the medical malpractice statute of repose. See 579 So.2d at 189-90. For such purposes, "[t]he `statute of repose' is subsumed in the general term `statute of limitations'...." Id. at 190; see also Wood v. Fraser, 677 So.2d 15, 16-19 (Fla. 2d DCA 1996). The same logic applies here.
In the present case, the defendant developers did not establish the date on which control of the condominium associations was turned over to the unit owners. Without that information, it is impossible to determine whether the fifteen-year repose period has run. It follows that the summary judgment must be reversed.

II.
I concur with the majority opinion that the statute of repose contained in section 95.11(3)(c) was effectively reenacted and extended in 1980, and that the fifteen-year repose period is applicable to this case.
NOTES
[1] Section 718.124, Florida Statutes (1997) states: "The statute of limitations for any actions in law or equity which a condominium association or a cooperative association may have shall not begin to run until the unit owners have elected a majority of the members of the board of administration."
[2] Statutes of repose are used in a variety of contexts as "a valid legislative means to restrict or limit causes of action in order to achieve certain public interests." See Carr v. Broward County, 541 So.2d 92, 95 (Fla.1989). In Bauld v. J.A. Jones Constr. Co., 357 So.2d 401 (Fla.1978), a statute of repose barred untimely claims brought against a general contractor for negligent design or construction of an improvement to real property. In Universal Engineering Corp. v. Perez, 451 So.2d 463 (Fla.1984), the statute barred stale claims based on the negligent design of a product. Statutes of repose have also been applied to bar medical malpractice claims, see Kush v. Lloyd, 616 So.2d 415 (Fla.1992); University of Miami v. Bogorff, 583 So.2d 1000 (Fla. 1991), as well as to bar a stale product liability claim, see Melendez v. Dreis and Krump Mfg. Co., 515 So.2d 735 (Fla.1987).
[3] As re-enacted in 1980, the provision applicable here states:

95.11 Limitations other than for the recovery of real property.Actions other than for recovery of real property shall be commenced as follows:
. . . .
(3) WITHIN FOUR YEARS.
. . . .
(c) An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer, whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. In any event, the action must be commenced within 15 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer, whichever date is latest.
§ 95.11(3)(c), Fla. Stat. (Supp.1980).