972 So.2d 230 (2007)
SALTPONDS CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
Charles McCOY, Appellee.
No. 3D07-1360.
District Court of Appeal of Florida, Third District.
December 19, 2007.
McConnell Lipton LLP and H. Hugh McConnell, Coral Gables, for appellant.
Claudia Medina Thomas, Tampa, for appellee.
Before COPE, GREEN, and SALTER, JJ.
COPE, J.
Saltponds Condominium Association, Inc. appeals an order of dismissal. We conclude that the statute of limitations defense was not sufficiently clear on the face of the amended complaint so as to allow dismissal.
The Association brought suit seeking damages for alleged construction defects in its condominium buildings. Defendant-appellee Charles McCoy was the architect.[1]
*231 The amended complaint alleged that turnover of control from the developer to the Association occurred on August 1, 2002. The Association attached to its complaint a 2005 report from an engineering firm identifying various defects in the condominium buildings. The amended complaint asserted that the building defects "are not readily recognizable by persons who lack special knowledge or training, or are hidden by components or finishes, and are latent." The Association said that it had complied with chapter 558, Florida Statutes, by serving all defendants with the report and giving them an opportunity to inspect and correct the defects.
The architect moved to dismiss, arguing that the lawsuit was barred by the statute of limitations. He maintained that this could be determined from the face of the report attached to the amended complaint. The architect acknowledged that the amended complaint alleged the defects to be latent, but maintained that the engineering report showed the defects to be patent, not latent. He contended that since the report was attached to the amended complaint, it negated the Association's allegations that the defects were latent.
Based on the premise that the defects were patent, the architect then argued that the limitation period began to run on the date of turnover of the condominium to the Association. See § 718.124, Fla. Stat. (1995)[2]; Charley Toppino & Sons, Inc. v. Seawatch at Marathon Condo. Ass'n, Inc., 658 So.2d 922, 925 (Fla.1994). The parties agree that the applicable limitation period would be four years. See § 95.11(3)(a), Fla. Stat. (2006).[3] Since the lawsuit was filed over four years after the turnover date of August 1, 2002, the architect contended that the suit was time barred. The trial court agreed and dismissed the amended complaint. The Association has appealed.
We conclude that the amended complaint should not have been dismissed. That is so because the face of the complaint does not establish conclusively that the action is time barred, nor does it establish conclusively that the Association will be unable to allege facts in avoidance of the applicable statute of limitations. The First District has explained:
[T]he statute of limitations and laches are affirmative defenses which should be raised by answer rather than by a motion to dismiss the complaint; and only in extraordinary circumstances where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the statute of limitations bars the action as a matter of law, should a motion to dismiss on this ground be granted. Since the statute of limitation[s], being an affirmative defense, may be avoided by facts alleged in a reply, in order to grant the motion to dismiss the allegations of the complaint must also conclusively negate any ability on the part of the plaintiff to allege facts in avoidance of the applicable statute of limitations by way of the reply.
Rigby v. Liles, 505 So.2d 598, 601 (Fla. 1st DCA 1987) (emphasis added; citations omitted); see also Levine v. Levine, 734 So.2d 1191, 1195 (Fla. 2d DCA 1999).
*232 The architect based his argument for dismissal on the contention that the engineering report attached to the amended complaint showed the defects to be patent, not latent. He took that position because the engineering report stated that the engineers based their work on a visual inspection of the buildings, without engaging in any destructive testing. According to the architect, this meant as a matter of law that the defects were patent, not latent.
We are unable to subscribe to that view. Within the report there are several defects about which the engineers could not reach a conclusion and recommended further testing. For example, the engineers suspected moisture inside the walls and recommended that "[e]xterior wall plugs 12" × 12" should be removed at selected areas to determine if there is moisture within the cavity." They recommended further testing to determine whether there was mold or mildew within the walls. They recommended further investigation of cracking in the floor slabs to ascertain whether a structural problem exists. In such instances the engineers were describing defects that were latent: a visual examination was not enough and further work would be needed to ascertain the existence or nonexistence of the suspected defects.
The engineering report also lists a number of other defects which the engineers were able to evaluate on the basis of a visual inspection. However, the listing of these defects only meant that the defects were obvious to trained professional engineers. It does not follow that the defects are automatically obvious, and therefore patent defects, to the Association.
In Kala Investments, Inc. v. Sklar, 538 So.2d 909 (Fla. 3d DCA 1989), a building had been built with a fourth floor window which had been installed close to the floor and did not have a guard rail or other protective device. A child fell through the window and was injured. The defendants argued that this was a patent defect because everyone could see the window, which was
"obviously" almost a foot lower than the code requirement and "obviously" did not contain a guard rail. But the test for patency is not whether the object itself or its distance from the floor was obvious to Kala, but whether the defective nature of the object was obvious to Kala with the exercise of reasonable care.
Id. at 913 (some emphasis in original; some emphasis added; citation omitted). This court went on to say that in the absence of any showing of Kala's actual knowledge of the code violation or special expertise in the protection of such openings, it was a factual issue whether the defect was latent. Id. (describing latent defect as one which is "not apparent by use of one's ordinary senses from a casual observation of the premises or `hidden from the knowledge as well as from the sight and . . . not [discoverable] by the exercise of reasonable care[.]'") (citations omitted).
The engineering report attached to the amended complaint in this case does not conclusively establish, at this stage, that the defects are patent. Where the defect is latent, the limitation period "runs from the time the defect is discovered or should have been discovered with the exercise of due diligence." § 95.11(3)(c), Fla. Stat. (2006).
Finally, the Association is also correct in saying that the facts of the amended complaint do not conclusively negate the possibility that the Association may also be able to plead an avoidance of the statute of limitations. We say that because the amended complaint alleged that *233 the Association provided the defendants notice and an opportunity to repair under chapter 558, Florida Statutes (2005).[4] Under section 558.004, the mailing of the written notice tolls the applicable statute of limitations for time periods which are specified in the statute. Id. § 558.004(10).
We reject the architect's argument that it was the Association's burden to include in the amended complaint all facts which might constitute an avoidance of the statute of limitations. As the Second District has explained, in this situation the appropriate procedure is to deny the motion to dismiss, thus leaving it to the defendant to assert the statute of limitations as an affirmative defense. Levine, 734 So.2d at 1195. The Association would then have an opportunity to file a reply in which it would plead facts in avoidance. Id. "With the issues thus framed by the pleadings, the parties could then develop evidence that would permit disposition of the limitations defenses on motion for summary judgment or at trial." Id. (citation omitted).
For the stated reasons we reverse the dismissal order. This ruling is without prejudice to the court to revisit the limitations issue on a proper motion for summary judgment or at trial.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] The Association also sued the developer and general contractor.
[2] According to the amended complaint, construction was complete as of September 9, 1996.
[3] Both parties have relied on the 2006 version of the statutes, but in reality an earlier version would be applicable. See Sabal Chase Homeowners Ass'n, Inc. v. Walt Disney World Co., 726 So.2d 796, 798 (Fla. 3d DCA 1999). For present purposes this makes no difference, for it appears the relevant statutory language has not changed.
[4] Chapter 558 was created in 2003. Ch.2003-49, Laws of Fla. As amended in 2004, chapter 558 applies to all actions commenced on or after July 1, 2004. Ch.2004-342, § 5, Laws of Fla. The present action was filed on August 21, 2006. There were statutory changes to other parts of the statute, but not the cited provision, effective October 1, 2006. Ch.2006-281, Laws of Fla.