979 So.2d 1240 (2008)
SALTPONDS CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
WALBRIDGE ALDINGER COMPANY, Appellee.
No. 3D07-2815.
District Court of Appeal of Florida, Third District.
April 30, 2008.
*1241 McConnell Lipton and H. Hugh McConnell, Coral Gables, for appellant.
Hershoff, Lupino & Yagel and James S. Lupino and Jessica L. Rothenberg, Tavernier, for appellee.
Before RAMIREZ, SHEPHERD, and CORTIÑAS, JJ.
CORTIÑAS, J.
Appellant, Saltponds Condominium Association, Inc. ("Association"), appeals the trial court's order granting, with prejudice, a motion to dismiss its amended complaint.
The question before us is whether the circuit court applied the correct law when dismissing the amended complaint. We therefore review this de novo. Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000) ("A trial court's ruling on a motion to dismiss based on a question of law is subject to de novo review.").
Saltponds Condominium was developed by SPC Developers, LLC (the "Developer"). The general contractor on the project was Walbridge Aldinger Company (the "Contractor"). Turnover of control of the condominium from the Developer to the purchasing unit owners pursuant to chapter 718, Florida Statutes (2002), took place on August 1, 2002. Following the turnover, the Association retained an engineer to inspect the construction of the condominium. The engineer issued a report on August 17, 2005, which identified various alleged defects purportedly resulting from the improper design and construction of the condominium. The Association then served a notice of claim upon the Contractor, the Developer, and the project architect, Charles McCoy, in order to satisfy the requirements of section 558.004, Florida Statutes (2005). The notice of claim advised of the discovery of purportedly defective work set forth in the engineering report, and pursuant to chapter 558, provided an opportunity to inspect and repair the work.
As the parties were unable to resolve the issues set forth in the notice of claim, the Association filed the underlying lawsuit on August 21, 2006. An amended complaint *1242 was filed on September 7, 2006 which alleged, in pertinent part:
The existence of causes of the defects are not readily recognizable by persons who lack special knowledge or training, or are hidden by components or finishes, and are latent. As such, the Unit Owners and the Association, in the exercise of reasonable diligence, did not discover the existence or cause of the defects until after the purchase and occupancy of the Units, and/or were led to believe by the defendants that all said defects and deficiencies would be or had been corrected.
Among the defensive motions subsequently filed, the Contractor filed a motion to dismiss that read in part:
Count IV of Plaintiff's Amended Complaint fails to set forth ultimate facts of each breach or warranties pursuant to Florida States [sic] 718.203, which would provide a basis for any cause of action that would not be barred by the applicable statute of limitations.
The order dismissing the amended complaint, in turn, provided:
Defendant, [Contractor's] Motion to Dismiss [the Association's] First Amended Complaint is hereby GRANTED with prejudice, based upon the Statute of Limitations.
While the trial court did not specifically state the limitations period upon which it based its order of dismissal, the Contractor argues that the Association's "claim is barred by the three year limitations period pursuant to Florida Statute 718.203(2)."
Section 718.203, Florida Statutes (2006), provides, in pertinent part as follows:
718.203 Warranties.
. . . .
(2) The contractor, and all subcontractors and suppliers, grant to the developer and to the purchaser of each unit implied warranties of fitness as to the work performed or materials supplied by them as follows:
(a) For a period of 3 years from the date of completion of construction of a building or improvement, a warranty as to the roof and structural components of the building or improvement and mechanical and plumbing elements serving a building or an improvement, except mechanical elements serving only one unit.
(b) For a period of 1 year after completion of all construction, a warranty as to all other improvements and materials.
The Florida Supreme Court has found that:
As noted in section 718.203 . . . the guarantee established in that section applies to defects that occur during the lifetime of the warranty, i.e., within three years of the date of completion of construction of the condominium or improvement. Cf. Terren v. Butler, 134 N.H. 635, 597 A.2d 69, 71 (1991) ("We do not construe the one-year life of the statutory warranty to be a statute of limitations or even a time limit on the delivery of effective notice. The one-year period describes the life of the duty, that is, the period during which breach may occur."). A lawsuit based on such a defect must be filed within the general time limits set out in chapter 95, Florida Statutes.
Charley Toppino & Sons, Inc. v. Seawatch at Marathon Condo. Ass'n, 658 So.2d 922, 924 (Fla.1994).
In Biscayne Roofing Co. v. Palmetto Fairway Condominium Association, 418 So.2d 1109, 1110 (Fla. 3d DCA 1982), we stated in dicta that section 95.11(3)(c) of the Florida Statutes provided the "applicable *1243 period of limitations" in a case brought by a condominium association against the developer and contractor based upon negligence and breach of warranties. See id.
Section 95.11 of the Florida Statutes provides in pertinent part:
95.11 Limitations other than for the recovery of real property.  Actions other than for recovery of real property shall be commenced as follows:
. . . .
(3) WITHIN FOUR YEARS.
. . . .
(c) An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. In any event, the action must be commenced within 15 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his or her employer, whichever date is latest.
§ 95.11, Fla. Stat. (2006) (emphasis added).
The Contractor also contends that because section 718.203(2)(a), Florida Statutes provides a warranty "[f]or a period of 3 years from the date of completion of construction of a building or improvement" in contrast to section 718.203(1)(e), which provides that a developer grants a warranty "for a period beginning with the completion of construction of each building or improvement and continuing for 3 years thereafter or 1 year after owners other than the developer obtain control of the association, whichever occurs last, but in no event more than 5 years," the turnover of control does not toll the limitations period. See § 718.203(1)(e), (2)(a), Fla. Stat. (2006). This analysis of the warranties set forth under section 718.203 is incomplete. In examining an association's rights with respect to claims, we must also consider section 718.124 of the Florida Statutes which provides, in pertinent part:
Limitation on actions by association. The statute of limitations for any actions in law or equity which a condominium association or a cooperative association may have shall not begin to run until the unit owners have elected a majority of the members of the board of administration.
§ 718.124, Fla. Stat. (2006).
In Charley Toppino, the Florida Supreme Court, after quoting the language of section 95.11(3)(c), Florida Statutes, stated that "[a]ccordingly, a suit for breach of implied warranty under section 718.203 ordinarily must be filed within this four-year period." Charley Toppino, 658 So.2d at 925. As further noted by the Florida Supreme Court:
[T]he obvious purpose of [section] 718.124 was to lengthen the limitations period for particular causes of action. Section 718.124 was intended to prevent a developer from retaining control over an association long enough to bar a potential cause of action which the unit owners might otherwise have been able and willing to pursue. To this end, the statute provides that an association's *1244 cause of action does not accrue until the unit owners have acquired control over the association.
Id. (quoting Regency Wood Condo., Inc. v. Bessent, Hammack & Ruckman, Inc., 405 So.2d 440, 443 (Fla. 1st DCA 1981)).
The Florida Supreme Court ultimately held:
In sum, a condominium association has a statutory right to file suit on behalf of its unit owners for breach of implied warranty of fitness and merchantability for construction defects affecting the common interest. Such a suit must be filed within the general time limits set out in chapter 95, but the commencing of this limitations period shall be tolled until control of the association passes from the developer to the unit owners.
Id.
In light of these provisions, because the uncontested date of turnover was August 1, 2002, the Association would have had until August 1, 2006 to file its complaint. However, there are two additional issues which may further toll the limitations period. In a closely related case, Saltponds Condominium Association, Inc. v. McCoy, 972 So.2d 230 (Fla. 3d DCA 2007) ("Saltponds I"), this Court addressed some of the issues raised in this appeal, including whether the defects alleged by the Association are latent or patent, how either pertains to the application of the proper statute of limitations, and what additional statutory tolling provisions apply. In Saltponds I, we reversed the trial court's dismissal of the Association's amended complaint with prejudice as to the project architect on grounds that the Association may be able to plead an avoidance of the statutes of limitations.[*]See id.
In doing so, we also addressed the application of section 558.004, Florida Statutes (2005) and noted that
[T]he Association is also correct in saying that the facts of the amended complaint do not conclusively negate the possibility that the Association may also be able to plead an avoidance of the statute of limitations. We say that because the amended complaint alleged that the Association provided the defendants notice and an opportunity to repair under chapter 558, Florida Statutes (2005). Under section 558.004, the mailing of the written notice tolls the applicable statute of limitations for time periods which are specified in the statute.
Id. at 232-33.
Lastly, we must also address the fact that the amended complaint alleged that the defects were latent. The engineering report identified several defects for which additional testing was recommended because a visual examination was insufficient to determine the existence or nonexistence of the defects. As we noted in Saltponds I,
The engineering report attached to the amended complaint in this case does not conclusively establish, at this stage, that the defects are patent. Where the defect is latent, the limitation period "runs from the time the defect is discovered or should have been discovered with the exercise of due diligence."
Id. at 232 (quoting § 95.11(3)(c), Florida Statutes (2006)). "[O]nly in extraordinary circumstances where the facts constituting the defense affirmatively appear on the *1245 face of the complaint and establish conclusively that the statute of limitations bars the action as a matter of law, should a motion to dismiss on this ground be granted." Id. at 231 (quoting Rigby v. Liles, 505 So.2d 598, 601 (Fla. 1st DCA 1987)).
Because of the various factual issues regarding the latency of the defects and the various tolling provisions which may be applicable, we conclude that the amended complaint should not have been dismissed. As such, based upon the foregoing, and consistent with Saltponds I, we reverse the trial court's order dismissing the amended complaint and remand for further proceedings. This ruling is without prejudice and the trial court may revisit the limitations issue on a proper motion for summary judgment or at trial.
NOTES
[*] Although Saltponds I involved the same amended complaint at issue in this case, it only addressed the statutory provisions relevant to the counts against the architect. As such, in Saltponds I, we did not address the warranty periods set forth in section 718.203 or their interrelation to section 95.11, Florida Statutes.