LAGOA, Judge.
Appellant-Plaintiff Pines Properties, Inc., appeals an order dismissing its legal malpractice complaint with prejudice. We find no error and affirm the order dismissing the complaint as to appellee-defendant Janet Tralins, as personal representative of the Estate of Myles Tralins. However, we reverse the trial court’s order granting a dismissal as to the remaining appellees-defendants Zack Koznitzky, P.A., Jennifer Altman, Boies, Schiller and *889 Flexner, and Myles Tralin, P.A., based on the expiration of the statute of limitations. As we stated in Alexander v. Suncoast Builders, Inc., 837 So.2d 1056 (Fla. 3d DCA 2002):
A motion to dismiss a complaint based on the expiration of the statute of limitations should only be granted “in extraordinary circumstances where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the statute of limitations bars the action as a matter of law.”
Id. at 1057 (quoting Rigby v. Liles, 505 So.2d 598, 601 (Fla. 1st DCA 1987)). See Saltponds Condo. Ass’n v. Walbridge Aldinger Co., 979 So.2d 1240 (Fla. 3d DCA 2008); Saltponds Condo. Ass’n v. McCoy, 972 So.2d 230 (Fla. 3d DCA 2007); Chodorow v. Porto Vita, Ltd., 954 So.2d 1240 (Fla. 3d DCA 2007); cf. Bott v. City of Marathon, 949 So.2d 295 (Fla. 3d DCA 2007). Because we find that the statute of limitations defense does not appear affirmatively on the face of the complaint as to these appellees-defendants, we reverse the judgment as to them.
Affirmed in part, reversed in part, and cause remanded.